483 So.2d 378 (1986)
Hugh H. HARALSON, III
v.
Betty Jane HARALSON.
No. 55305.
Supreme Court of Mississippi.
February 19, 1986.
Rehearing Denied May 28, 1986.
B. Stirling Tighe, Jackson, for appellant.
Pat Donald, Morton, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
WALKER, Presiding Justice, for the court:
Hugh H. Haralson appeals from a judgment of the Chancery Court of Scott County awarding Betty Jane Haralson a divorce on the grounds of habitual cruel and inhuman treatment and awarding her the use of certain real property of the parties, the ownership of personal property and lump sum alimony.
The Haralsons were married on June 30, 1976, and made their home in Forest, Mississippi. No children were born of this marriage. Mrs. Haralson's teenage son from a previous marriage lived with them.
Hugh Haralson worked as a certified public accountant prior to selling his accounting firm. He owns a minority interest in several corporations in the Forest area involved in the chicken industry. Mr. *379 Haralson also owns an interest in the local Ford dealership. Mrs. Haralson had worked prior to marrying Mr. Haralson but did not afterwards at his request.
On this appeal Hugh Haralson cites ten (10) assignments of error committed in the court below. Because one of these is despositive of the case we will only address that one: the question of whether Mrs. Haralson was entitled to a divorce on the grounds of habitual cruel and inhuman treatment.
In support of her complaint, Mrs. Haralson testified as to a number of incidents to illustrate the appellant's cruel and inhuman treatment.
Once during the time when the couple was attempting to have children of their own, the appellant purportedly refused to have sexual relations with the appellee at a time when it was more likely she would conceive. The couple had had an argument and the appellant was still angry.
On another occasion the appellant became angry and told appellee that he did not love her and the next day wanted to have sexual relations with her. He is alleged to have said that it was just a physical need and had nothing to do with love.
Mrs. Haralson testified that the appellant one time kicked her on the backside, causing her to scream out in pain.
Appellee and her son complained that the appellant was critical of the son's behavior and on several occasions told him dirty jokes. There was testimony that the appellant restricted the visits of the son's natural father to the home and that the appellant was not friendly and attentive when his in-laws came to visit.
Most of the problems of the marriage just prior to separation seemed to center on Mrs. Haralson's desire to pursue a career in interior decorating and on disputes over money. The appellant restricted her spending and on occasion threatened to withhold money from her.
The appellant was not happy that his wife was gone during the day to classes at a junior college and then later to the University of Sourthern Mississippi. The appellee continued the classes despite her husband's objections.
Recent cases of this Court have reaffirmed the need for adequate proof to sustain a divorce grounded on habitual cruel and inhuman treatment. Fournet v. Fournet, 481 So.2d 326 (Miss. 1985); Kergosien v. Kergosien, 471 So.2d 1206 (Miss. 1985); Churchill v. Churchill, 467 So.2d 948 (Miss. 1985); Stennis v. Stennis, 464 So.2d 1161 (Miss. 1985); Gallaspy v. Gallaspy, 459 So.2d 283 (Miss. 1984); Marble v. Marble, 457 So.2d 1342 (Miss. 1984).
Often cited is Wires v. Wires, 297 So.2d 900, 902 (Miss. 1974), in which the Court said:
It is true these cases held that habitual cruel and inhuman treatment should be sustained by "clear and convincing evidence." This conclusion was based upon the thesis that mental cruelty without violence required clear and convincing evidence to substantiate the charge. We have reexamined the authorities as to the degree of evidence required, and we are now of the opinion that habitual cruel and inhuman treatment may be established by a preponderance of the creditable evidence.
We agree, however, that the charge of cruel and inhuman treatment against one spouse means something more than unkindness or rudeness or mere incompatibility or want of affection. It has been said that:
"The conduct of the offending spouse must be so unkind as to be cruel, that is, so unreasonably harsh and severe as to be inhumane, so lacking in human qualities, so unfeeling or brutal as to endanger, or put one in reasonable apprehension of danger to life, limb, or health. And finally, such conduct must be habitual, that is, done so often, or continued so long, that its recurrence may be reasonably expected whenever occasion or opportunity presents itself." Bunkley and Morse, Amis on Divorce and Separation in Mississippi § 3.14(3), at 114 (1957); cited in *380 Burnett v. Burnett, 271 So.2d 90, at 92 (Miss. 1972).
On the other hand, habitual ill-founded accusations, threats and malicious sarcasm, insults and verbal abuse may cause such mental suffering as to destroy health and endanger the life of an innocent spouse, Bunkley and Morse, Amis on Divorce and Separation in Mississippi § 3.14(8), at 122 (1957).
Also often quoted is the following passage in Howard v. Howard, 243 Miss. 301, 303-304, 138 So.2d 292, 293 (1962):
`The popular idea is that, like charity, it covers a multitude of marital sins, and is the easiest road to freedom from the marital bonds. As a result suits are often brought, based on petty indignities, frivolous quarrel, general incompatibility and the petulant temper of one or both parties, seeking divorce for habitual cruel and inhuman treatment, without over realizing or understanding, in the remotest degree, what is meant by the words as used in the statute. They do not realize the nature, gravity, or duration of the cruelty required to warrant a divorce. * * * The cruelty required by the statute is not such as merely to render the continuance of cohabitation undesirable, or unpleasant, but so gross, unfeeling and brutal as to render further cohabitation impossible, except at the risk of life, limb, or health on the part of the unoffending spouse; and that such risk must be real rather than imaginary merely, and must be clearly established by proof'. See Price v. Price, 181 Miss. 539, 179 So. 855, and Nichols v. Nichols, 197 Miss. 302, 20 So.2d 72.
Any review of the evidence in this case leads to the inescapable conclusion that there is insufficient evidence to justify the granting of a divorce upon the grounds of habitual cruel and inhuman treatment.
Appellant's claim that the award of divorce to Mrs. Haralson was erroneous is meritorious, and this case will be reversed on that basis. Because we in effect wipe the slate clean and put the parties back where they were prior to trial it is unnecessary to analyze other aspects of the trial or the relief which was granted the parties. This reversal, of course, is without prejudice to the parties seeking anew appropriate relief in the lower court on remand.
Because of allegations that the appellee consulted the chancellor in her choice of attorneys in this case, the chancellor should recuse himself from any further proceedings between these parties. We say this without finding fault and only so that even the appearance of impropriety can be avoided.
REVERSED AND REMANDED.
PATTERSON, C.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
ROY NOBLE LEE, P.J., not participating.