556 So.2d 1056 (1990)
CITY OF CLARKSDALE, Mississippi
v.
Mississippi Power and Light Company, a Corporation; Irving Trust Company, a Corporation; and J.A. Vaughan.
No. 07-58670.
Supreme Court of Mississippi.
February 7, 1990.
*1057 David R. Hunt, Ross Hunt Spell & Ross, H. Hunter Twiford, III, Twiford & Webster, Clarksdale, for appellant.
James K. Child, Charles T. Ozier, John D. Price, Wise Carter Child & Caraway, Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ.
HAWKINS, Presiding Justice, for the Court:
The City of Clarksdale has appealed the order of the special court of eminent domain of Coahoma County dismissing its petition to condemn facilities of the Mississippi Power & Light Company (MP & L). Finding no error, we affirm.
On March 5, 1987, the City, pursuant to the power of eminent domain granted it under Miss. Code Ann. § 77-3-17 (Supp. 1986), filed a petition to condemn the electrical facilities of MP & L within the corporate limits, including the portion of the certificate of public convenience and necessity issued by the Mississippi Public Service Commission (PSC) to MP & L to serve the City.
Senate Bill No. 2840 passed the Senate on February 6, 1987, passed the House of Representatives on March 3, then was vetoed by the Governor on March 5, with the veto overridden by both Houses on March 17, 1987, thus on that date amending Miss. Code Ann. §§ 77-3-13,  17, and  21 dealing with the regulation of public utilities.
The amended Miss. Code Ann. § 77-3-17 specifically provided that prior to a municipality exercising the power of eminent domain against a utility the certificate of public convenience and necessity held by the utility had to be cancelled by the PSC. The PSC had not acted on the utility's certificate of public convenience and necessity, and the special court of eminent domain dismissed the City's petition.
The trial judge held that because the City's right of eminent domain was a creation of statute, under well-settled law any amendment to a statute was treated as though it had been a part of the original statute.
We affirm. In Oliphant v. The Carthage Bank, 224 Miss. 386, 80 So.2d 63, 72 (1955), we held:
It is well-settled by the decisions of our Court, and in most every other jurisdiction, that when proceedings are in process under a statute and have not been completed, and have not reached the stage of final judgment, and a new act is passed, modifying the statute under which the proceedings were begun, the new statute becomes integrated into and a part of the old statute as fully as if written therein from the very time the old statute was enacted... .
224 Miss. at 410, 80 So.2d at 72.
It is also the general rule that where a statute affects only the mode of procedure, and not the substantive rights of parties, it applies to pending actions. 77 A.L.R. 1346, and cases cited; 73 Am.Jur.2d Statutes, § 354; Johnson v. State, 371 So.2d 556 (D.2 Fla.App. 1979). In Mladinich v. Kohn, 186 So.2d 481, 483 (Miss. 1966), we stated:

*1058 Although some of the cases from other jurisdictions... hold that a remedial statute does not come within the general rule against retrospective operation, the Mississippi cases have declined to make that distinction, and we see no sound reason to overrule them.
Here, as opposed to the facts of Mladinich v. Kohn, however, we glean a positive Legislative intent for Miss. Code Ann. § 77-3-17 to apply to condemnation proceedings of this nature, whether pending or not. Especially is this true since the City's power to institute eminent domain proceedings is solely statutory.
The judgment of dismissal of the special court of eminent domain is accordingly affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., and SULLIVAN, J., dissent.
DAN M. LEE, Presiding Justice, dissenting:
I believe the majority opinion could lead to untold mischief. It is well established in this state that the Legislature has the authority to delegate eminent domain power to a municipality; however, the majority opinion serves to allow the Legislature to usurp that power after the city has exercised its delegated authority in an eminent domain proceeding by filing suit. Put more succinctly, the Legislature may attempt  as it has accomplished in the case sub judice  to change a law so as to defeat the municipality's right to exercise eminent domain proceedings after the municipality's right to do so has already vested. I respectfully dissent.
We have stated in Pearl River Valley Water Supply District v. Wood, 252 Miss. 580, 172 So.2d 196 (1965), as follows:
What is the act which does give due and binding notice upon the landowner and also the condemnor? It is the institution of the suit in the Special Court of Eminent Domain. This is the date of the taking.

172 So.2d at 202. See also, Johnston v. Stinson, 434 So.2d 715 (Miss. 1983).
Although the eminent domain statutes require further procedure, such as the payment of the damages award, it is clear that the statutes and the case law in this state fix the rights of the parties as of the time of the filing of the Petition to Condemn.
Certainly the City of Clarksdale exercised its power of eminent domain by adopting the resolution on March 4, 1987, and filing its Petition to Condemn on March 5, 1987. The right of eminent domain had already been exercised by the City at the time Senate Bill 2840 was enacted on March 17, 1987. Likewise, the additional language added by Senate Bill 2840 to amended § 77-3-13, Miss. Code Ann. (1972) begins with the phrase, "[p]rior to the acquisition pursuant to § 77-3-17, Mississippi Code of 1972 ... of any Certificate of Public Convenience and Necessity... ." In view of the applicable statutes, it cannot be argued that the term "acquisition" requires more than the filing of the Petition to Condemn. Section 21-37-47, Miss. Code Ann. (1972) is one of the statutes which grant municipalities the power of eminent domain. Subsection (7) of that statute defines "acquire" as including the "exercise of power of eminent domain." Thus, upon the exercise of its power of eminent domain, the City has "acquired" the property sought to be condemned.
The City has effectively demonstrated in its Appellant's Brief that the adoption by the City governing authority on March 4, 1987, and the filing of the Petition To Condemn on March 5, 1987, constituted the exercise of the right of eminent domain and therefore, the right of the City to exercise this power became fixed and vested at that time. I respectively submit that MP & L's response to this position is to confuse the issue of the vesting of "rights" with the issue of the vesting of "title" to or "interests" in real party.
Attention is directed to 82 C.J.S. Statutes § 432 (1953) for the following premise:
Proceedings instituted, ... before the passage of the amendment will, therefore, not be affected by it, but will continue *1059 to be governed by the original statute.
In Mississippi, however, this Court has created additional guidelines. In short, every right or remedy created solely by a statute subsequently modified falls within the modified statute unless carried to final judgment before the modification, except that no modification shall be permitted ... to abrogate a vested right. Stone v. Independent Linen Service Co., 212 Miss. 580, 55 So.2d 165 (1951); Deposit Guaranty Bank & Trust Co. v. Williams, 193 Miss. 432, 9 So.2d 638 (1942); Bradstreet Co. v. City of Jackson, 81 Miss. 233, 32 So. 999 (1902). (Emphasis added.)
To reiterate, the City exercised its power of eminent domain, that is, its right to institute eminent domain proceedings, by filing its Petition To Condemn on March 5, 1987. Thus, this right and power delegated by the Legislature many years ago had already been exercised by the City at the time Senate Bill 2840 became effective and therefore was a vested right and power which cannot be abrogated by a subsequent amendment of the statute.
Clearly, the Special Court of Eminent Domain erred in deciding that the statute had retroactive effect in dismissing the eminent domain proceeding. Therefore, the court should be reversed and the case remanded for further proceedings.
SULLIVAN, J., joins this dissent.