594 So.2d 1173 (1992)
Larry R. MASSINGILL
v.
Dianne D. MASSINGILL.
No. 90-CA-1244.
Supreme Court of Mississippi.
February 19, 1992.
*1174 Douglas L. Tynes, Pitcher & Tynes, Pascagoula, for appellant.
G. Charles Bordis, IV, Sadler & Ranson, Ocean Springs, for appellee.
Before HAWKINS, P.J., and SULLIVAN and McRAE, JJ.
SULLIVAN, Justice, for the Court:
Dianne and Larry Massingill married on May 26, 1973, and lived together until their separation on February 17, 1990, following a disagreement over the addition of a porch to their home in Jackson County and the need for psychological counseling for Shane, their nine (9) year old son who was the only child born of the marriage.
Larry was a full time electrician at Ingalls Shipbuilding and a part-time instructor at Jackson County Junior College. Dianne was employed part-time at the Gulf Coast Research Laboratory.
The assets owned by the parties at the time of the trial were a marital home which was paid for, a 1983 Ford Escort which was also paid for, a 1986 Chevrolet Blazer upon which there was a balance owed, household furniture, fixtures, the usual household appliances, and miscellaneous personal property. Both Larry and Dianne have mandatory retirement plans through their employment.
On March 12, 1990, Dianne sought a divorce on the ground of habitual cruel and inhuman treatment or in the alternative, the ground of irreconcilable differences. In the event the lower court denied the divorce, Dianne requested in the alternative that she be awarded reasonable separate maintenance.
Larry answered the complaint and counterclaimed for divorce on March 16, 1990. Larry denied that Dianne was entitled to a divorce on any of the stated grounds and in his counterclaim asked for a divorce on the ground of habitual cruel and inhuman treatment or in the alternative, irreconcilable differences. Both parties asked for custody of the child, child support, the use of the home and the 1986 Chevrolet Blazer.
At the conclusion of the two day trial, the chancellor issued a bench ruling denying a divorce to either party on the ground of habitual cruel and inhuman treatment for lack of grounds. The chancellor then granted the divorce on the alternative ground of irreconcilable differences based upon the statutory amendment that became effective April 9, 1990. The chancellor said:
But now that the fact that [the statute has] been changed, I construe what I have in front of me, and so interpret that statute as part of the duty of the judiciary is to construe and interpret the law, to mean that where he asked for a divorce on the grounds of irreconcilable differences, and she asked for a divorce on the grounds of irreconcilable differences, to me that is tantamount to mutual consent.
And, therefore, the parties would be divorced each from the other based on the testimony I've heard here today on *1175 the grounds of irreconcilable differences. [Emphasis added].
On September 10, 1990, Larry filed a motion to reconsider alleging, among other things, that "... although the final decree of judgment states that the parties voluntarily consented to a divorce on grounds of irreconcilable differences, such is not the case as the testimony clearly was designed to show fault and the granting of a divorce on these grounds is improper." The motion to reconsider was overruled on November 14, 1990.
The final judgment of divorce was entered by the chancellor on September 12, 1990, granting a divorce on the ground of irreconcilable differences and reciting that "... the parties have voluntarily consented to said divorce being granted upon the grounds of irreconcilable differences in accordance with § 93-5-2(3) of the Mississippi Code of 1972, Annotated."
From this decree Larry appeals and contends that:
1. The chancellor exceeded his authority in granting a divorce on the ground of irreconcilable differences; and
2. The chancellor erred in awarding Dianne permanent and lump sum alimony, a property and financial settlement, and attorney fees.
Divorce in Mississippi is a creature of statute. Original jurisdiction to grant divorces in this State was vested in the legislature and the subsequent jurisdiction of the chancery court over divorce is derived from the assignment of that authority to the chancery court by the legislature. The chancellor, therefore, may exercise only such authority in the granting of a divorce as he has been given by the legislature. Miss. Code Ann., § 93-5-2 (Supp. 1991), states as follows:
(1) Divorce from the bonds of matrimony may be granted on the ground of irreconcilable differences, but only upon the joint complaint of the husband and wife or a complaint where the defendant has been personally served with process or where the defendant has entered an appearance by written waiver of process.
(2) If the parties provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.
(3) If the parties are unable to agree upon adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between them, they may consent to a divorce on the ground of irreconcilable differences and permit the court to decide the issues upon which they cannot agree. Such consent must be in writing, signed by both parties personally, must state that the parties voluntarily consent to permit the court to decide such issues, which shall be specifically set forth in such consent, and that the parties understand that the decision of the court shall be a binding and lawful judgment. Such consent may not be withdrawn by a party without leave of the court after the court has commenced any proceeding, including the hearing of any motion or other matter pertaining thereto. The failure or refusal of either party to agree as to adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between the parties, or any portion of such issues, or the failure or refusal of any party to consent to permit the court to decide such issues, shall not be used as evidence, or in any manner, against such party. No divorce shall be granted pursuant to this subsection until all matters involving custody and maintenance of any child of that marriage and property rights between the parties raised by the pleadings have been either adjudicated by the court or agreed upon by the parties and found to be adequate and sufficient by the court and included in the judgment of divorce. Appeals from any orders and judgments rendered pursuant to this subsection may be had as in other *1176 cases in chancery court only insofar as such orders and judgments relate to issues that the parties consented to have decided by the court.
(4) Complaints for divorce on the ground of irreconcilable differences must have been on file for sixty (60) days before being heard. Except as otherwise provided in subsection (3) of this section, a joint complaint of husband and wife or a complaint where the defendant has been personally served with process or where the defendant has entered an appearance by written waiver of process, for divorce solely on the ground of irreconcilable differences, shall be taken as proved and a final judgment entered thereon, as in other cases and without proof or testimony in termtime or vacation, the provisions of Section 93-5-17 to the contrary notwithstanding.
(5) Except as otherwise provided in subsection (3) of this section, no divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; provided, however, that a divorce may be granted on the grounds of irreconcilable differences where there has been a contest or denial, if the contest or denial has been withdrawn or cancelled by the party filing same by leave and order of the court.
(6) Irreconcilable differences may be asserted as a sole ground for divorce or as an alternate ground for divorce with any other cause for divorce set out in Section 93-5-1. [Emphasis added].
Today is our first attempt to explain what "trial by mutual consent" as described in Mississippi Code Annotated, § 93-5-2(3) (Supp. 1991) means. A secondary question before us is whether or not the pleadings signed by the parties and filed in this particular case, standing alone, satisfy the statutory provisions requiring inter alia, that mutual consent "... must be in writing, signed by both parties personally." We answer both questions in the negative.
Before we address these two issues, we must dispose of a subsidiary question confronting us. All pleadings in this case were filed prior to the amendment of § 93-5-2 which became effective April 9, 1990. The trial of this cause, on the other hand, took place on August 13 and 14, 1990, after the effective date of the amendment. Larry argues that the case had to be tried under the law as it existed at the time the suit was filed. In this regard Larry is wrong.
The amended statute, which affected only the mode of procedure and no substantive right of any of the parties, applied to the divorce action at bar because the proceedings which were in process under the statute had not reached the stage of final judgment at the time the modification by amendment became effective. The chancellor's resolution of this question in favor of the amended statute was eminently correct.
The applicable rule is stated in City of Clarksdale v. MS Power and Light Co., 556 So.2d 1056, 1057 (Miss. 1990), quoting from Oliphant v. The Carthage Bank, 224 Miss. 386, 410, 80 So.2d 63, 72 (1955). The City of Clarksdale case also reaffirmed "the general rule that where a statute affects only the mode of procedure, and not the substantive rights of the parties, it applies to pending actions." Id. at 1057. For these reasons, we hold that Miss. Code Ann., § 93-5-2, as Amended, applied to this divorce suit.
As the amendment does apply there then existed at least the possibility that the chancellor could grant a divorce on irreconcilable differences if under the facts and circumstances of the case the criteria of the amended statute were met.
By virtue of § 93-5-2, as Amended, the parties may provide by written agreement for (1) the custody and maintenance of any children of the marriage and (2) for the settlement of any property rights between the parties. If the lower court finds that these provisions are adequate and sufficient, the written agreement may be incorporated into the final judgment.
Where, as here, the two parties cannot agree upon adequate and sufficient provisions for (1) the custody and maintenance of any children of the marriage and (2) any *1177 property rights between them, they may mutually consent to a divorce on the ground of irreconcilable differences and permit the lower court to decide the particular issues upon which they cannot agree.
The parties must do more, however, than implicitly consent to a divorce on the ground of irreconcilable differences and raise issues in their pleadings. The additional statutory requirements for a valid mutual consent are listed as follows:
(1) The consent must be in writing and signed personally by both parties;
(2) The consent must state that the parties voluntarily consent to permit the court to decide the issues upon which the parties cannot agree;
(3) The consent must specifically set forth the issues upon which the parties are unable to agree; and
(4) The consent must state that the parties understand that the decision of the court shall be a binding and lawful judgment.
In addition, subsection (5) of the amended statute states that "... except as otherwise provided in subsection (3) of this section, no divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; provided, however, that a divorce may be granted on the grounds of irreconcilable differences where there has been a contest or denial, if the contest or denial has been withdrawn or cancelled by the party filing same by leave and order of the court."
During the trial of this cause conducted on August 13 and 14, 1990, both parties put on proof in an attempt to establish that each was entitled to a divorce from the other on the ground of habitual cruel and inhuman treatment. After both sides had rested, the chancellor, in a ruling issued from the bench, found there was insufficient evidence to justify a divorce on the ground of habitual cruel and inhuman treatment. He concluded, however, the parties were entitled to a divorce on the ground of irreconcilable differences under Miss. Code Ann., § 93-5-2(3), as Amended, because the parties voluntarily consented to a divorce on this ground.
Larry Massingill contends the chancellor exceeded his statutory authority in granting a divorce on the ground of irreconcilable differences because there was (1) no statutorily required written agreement between the parties regarding their property rights, (2) no statutorily required written consent signed by both parties stating the parties voluntarily consented to permit the lower court to decide the issues upon which they could not agree, and (3) no statutorily required withdrawal or cancellation of the contests or denials on the part of either party after contest and denial of grounds for divorce.
Dianne Massingill, on the other hand, contends that "trial by mutual consent" provisions have been complied with because each party set forth in his/her pleadings the issues upon which they wished the court to decide. Dianne argues the statute in no way invariably requires that mutual consent be manifested in a single document signed by both parties; rather, she argues that each party may execute a separate document. She further argues that since both parties alleged that irreconcilable differences existed, there is no issue of fact, and the judgment of the lower court was correct. We disagree.
We hold the statutory requirements of § 93-5-2(3) were not met in this case and that the chancellor exceeded his authority in granting a divorce on the ground of irreconcilable differences. Specifically, there was no valid consent in writing signed by both parties personally. The mere fact that irreconcilable differences was asserted in the pleadings filed by both parties as an alternate ground for divorce does not, in and of itself, meet all the statutory requirements. Accordingly, the chancellor erred in concluding that this alone was sufficient to justify a divorce on the ground of irreconcilable differences.
Even if we assume the pleadings constituted the required consent in writing signed personally by both parties  a question which we do not this day decide  the writing fails, nevertheless, on several *1178 fronts. It does not state that the parties voluntarily consented to permit the court to decide the issues upon which the parties could not agree; it does not specifically set forth the issues upon which the parties were unable to agree, and it does not state that the parties understand the decision of the court shall be a binding and lawful judgment.
Moreover, by virtue of § 93-5-2(5), the filing of Larry's cross-complaint or counterclaim amounted to a contest or denial until withdrawn or cancelled by leave and order of the chancery court. Both Dianne and Larry denied in their answers that the other party was entitled to a divorce on either the ground of irreconcilable differences or habitual cruel and inhuman treatment, as requested by each party in their respective complaint and countercomplaint for divorce. Although both parties requested a divorce on the ground of irreconcilable differences, both parties also denied that the other party was entitled to a divorce on this ground. Accordingly, the facts negate any conclusion there was mutual consent to a divorce on the ground of irreconcilable differences. Cf. Alexander v. Alexander, 493 So.2d 978, 980 (Miss. 1986) [The express intent of the (preamended) statute requires that there be no contest or denial of any ground for divorce.] Finally, nothing in this record indicates the contest or denial had been withdrawn or cancelled by either party filing same by leave and order of the lower court.
In Kergosien v. Kergosien, 471 So.2d 1206, 1210 (Miss. 1985), we stated:
[This marriage] must be given the last rites in accordance with the dictates of the Mississippi Legislature. Divorce is a creature of statute; it is not a gift to be bestowed by the chancellor based upon a perception that declining to grant the divorce will not restore the couple to a harmonious relationship. It is a statutory act and the statutes must be strictly followed as they are in derogation of the common law. [Emphasis Added].
Although the language in Kergosien was a by-product of a judgment of divorce granted erroneously on the ground of statutory habitual cruel and inhuman treatment, it is equally applicable to the case at bar because divorces on the ground of irreconcilable differences are to no less extent a creature of statutory origin. Accordingly, Dianne's reliance upon the pleadings as a means of satisfying the statutory criteria falls far short of the mark.
Dianne claims the consent in writing required by § 93-5-2(3) does not have to be in one document signed by both parties; rather, she argues it is sufficient if each party executes a separate document as was done in this case. We expressly decline to decide what form the consent in writing must take. We do hold, however, the pleadings filed in this case were insufficient to satisfy statutory requirements.
Obviously the parties to this lawsuit could not have contemplated compliance with the requirements of § 93-5-2, as amended, because the amendment did not become effective until after the pleadings had been filed. Nevertheless, the pleadings could have been amended by virtue of Miss.R.Civ.P. Rule 15. "The Mississippi Rules of Civil Procedure are applicable to suits in chancery court," and "... where [Title 93 of the Mississippi Code] is not inconsistent, the Civil Rules will apply." Weiss v. Weiss, 579 So.2d 539, 542 (Miss. 1991). Moreover, it is conceivable the required "mutual consent in writing" could have been accomplished by written stipulation, written agreement, or by some other viable means either prior to or during the last appearance before the chancellor.
Our scope of review in domestic relations matters is limited. "This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Bell v. Parker, 563 So.2d 594, 596-97 (Miss. 1990). "On appeal (we are) required to respect the findings of fact made by a chancellor supported by credible evidence and not manifestly wrong." Newsom v. Newsom, 557 So.2d 511, 514 (Miss. 1990). This is particularly true "in the areas of divorce and child support." Nichols v. Tedder, 547 So.2d *1179 766, 781 (Miss. 1989). In this case we hold the chancellor was manifestly wrong.
Inasmuch as we have held that no divorce should have been granted, no alimony can be awarded. See Miss. Code Ann., Section 93-5-23 (Supp. 1991); Kergosien v. Kergosien, supra. Moreover, given the fact the chancellor exceeded his statutory authority in granting a divorce on the ground of irreconcilable differences, we in effect "wipe the slate clean and put the parties back where they were prior to trial." Haralson v. Haralson, 483 So.2d 378, 380 (Miss. 1986) [Appellant's claim that award of divorce was erroneous had merit, and case was correctly reversed on that basis]; Gallaspy v. Gallaspy, 459 So.2d 283 (Miss. 1984) [Because the lower court erred in granting a divorce on the ground of cruel and inhuman treatment, it was unnecessary to address assigned errors dealing with the amounts of alimony and child support.]
Both Larry and Dianne were able-bodied and gainfully employed. The lower court has both the power and authority to adjudicate the rights of the parties, and our decision here does not prejudice any of them in the enforcement of those rights. Our reversal is without prejudice to the rights of the parties to seek anew appropriate relief in the lower court in the wake of remand.
It is necessary to briefly address one final point. Dianne Massingill requests that in the event we reverse the divorce on the ground of irreconcilable differences, this Court should award her separate maintenance and support, together with the attorney fees awarded by the lower court.
In Burnett v. Burnett, 271 So.2d 90 (Miss. 1972), we noted that while separate maintenance of the wife was indicated by the evidence, new pleadings or other pleadings would have to be instituted in view of the fact the wife had not prayed for separate maintenance in the alternative in her cross-bill. In other words, Mrs. Burnett was not awarded separate maintenance because she did not ask for it.
This case is different. In her prayer for relief, Dianne prayed "... that in the event the court should deny the plaintiff the divorce requested herein for any reason then, alternatively, she should be awarded reasonable separate maintenance." Under the facts of this case, we do not determine whether or not the prerequisites for separate maintenance have been met. This Court will leave to the chancellor the task of determining whether or not, under the facts, Dianne Massingill is entitled to separate maintenance.
The final judgment of divorce is reversed and this cause is remanded to the Chancery Court of Jackson County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.