920 So.2d 505 (2006)
Cynthia J. ENGEL, Appellant
v.
Dennis L. ENGEL, Appellee.
No. 2004-CA-02471-COA.
Court of Appeals of Mississippi.
January 17, 2006.
*506 Walter Wesley Teel, attorney for appellant.
Reilly Morse, Gulfport, attorney for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On December 3, 2004, the Chancery Court of Harrison County granted a judgment of divorce on the basis of irreconcilable differences, nunc pro tunc to February 3, 2003, to Dennis L. Engel and Cynthia J. Engel. The court ordered Mr. Engel to file a withdrawal of the fault grounds to be filed nunc pro tunc to February 2, 2003. Finally, the court reinstated a judgment dividing between the parties certain personal property and installment debt. Aggrieved by the judgment, Ms. Engel appealed. She now asserts that the chancellor erred in reinstating the judgment dividing personal property and installment debt, and in entering the nunc pro tunc orders. Finding error, we reverse and remand the judgment of the Chancery Court of Harrison County.

FACTS
¶ 2. Mr. Engel and Ms. Engel were married on March 11, 1995, in Harrison County, Mississippi. The couple lived together until April 1, 2001, the date of their final separation. Mr. Engel and Ms. Engel did not have any children. On February 20, 2002, Mr. Engel filed a complaint for divorce on the grounds of habitual cruel and inhuman treatment, or on the alternative basis of irreconcilable differences. The parties presented their case to a family law master in chancery court. At that time, the parties agreed to a divorce and to division of some assets, but were unable to reach agreement regarding certain personal property and installment debt. A hearing was held on December 8, 2003, to determine the division of the disputed personal *507 property and installment debt. On March 27, 2003, the Chancery Court of Harrison County entered a judgment dividing the specified personal property between the parties, and ordering that the parties' marital debt be divided equally. The judgment stated that it "came on for hearing following entry of a judgment to grant an irreconcilable differences divorce to the parties."
¶ 3. On April 16, 2003, Ms. Engel filed a motion to reconsider. In her motion, Ms. Engel noted that an original judgment of divorce on the grounds of irreconcilable differences was executed by both parties and presented to the court at the time of trial, but that the judgment of divorce had not been forwarded to her counsel. On July 14, 2003, Ms. Engel filed a withdrawal of consent to a divorce on grounds of irreconcilable differences. She argued that the judgment was void because the court file did not contain a writing signed by both parties and approved by the court, consenting to a divorce on the grounds of irreconcilable differences, as required by Mississippi Code Annotated § 93-5-2. Mr. Engel filed an opposition to Ms. Engel's motion to set aside on December 16, 2003. He argued that there was no dispute as to the existence of a document where the parties consented to divorce on the basis of irreconcilable differences, as Ms. Engel acknowledged the document in her motion to reconsider.
¶ 4. On March 17, 2004, the chancery court entered an order finding that the parties had not filed a signed consent to adjudicate, and that this amounted to a failure to comply with Mississippi Code Annotated § 93-5-2. Consequently, the court declared the March 27 judgment null and void.
¶ 5. On November 8, 2004, Mr. Engel filed a motion for relief under Rule 60 of the Mississippi Rules of Civil Procedure, arguing that the chancery court did have authority to enter the March 27 judgment, as a true copy of the order consenting to adjudicate had been marked into evidence during a hearing held on February 3, 2003. Mr. Engel attached a copy of the document to his motion. Mr. Engel then filed a withdrawal of fault grounds on November 9, 2004, stating that he consented to a divorce on the grounds of irreconcilable differences.
¶ 6. The document Mr. Engel attached to his Rule 60 motion was entitled "Order." It purported to grant a motion made by Ms. Engel to withdraw fault grounds, and to agree to a divorce on the basis of irreconcilable differences. The order also stated that the parties submit the following issues to the court for adjudication: (1) the division of certain personal property, identified in an attached exhibit, and (2) the division of certain marital installment debt, also identified in an attached exhibit. Finally, the order found "that the parties should be granted a divorce on the ground of irreconcilable differences." Both parties signed the order. The chancellor, however, did not.
¶ 7. In response to the motion for relief under Rule 60, Ms. Engel argued that the consent to divorce on the basis of irreconcilable differences was not valid because it failed to meet the strict statutory requirements of Mississippi Code Annotated § 93-5-2. Ms. Engel urged that the alleged consent to adjudicate did not contain the following necessary language: (1) "the parties voluntarily consent to permit the court to decide such issues," and (2) "that the parties understand that the decision of the court shall be a binding and lawful judgment." Miss.Code Ann. § 93-5-2 (Rev.2004). Moreover, Ms. Engel urged that the statutory mandates were not followed in that there was no withdrawal of the fault grounds by both parties and no *508 court order allowing a withdrawal of the fault grounds, as required by Mississippi Code Annotated § 93-5-2(5).
¶ 8. On December 3, 2004, the Chancery Court of Harrison County entered an order and judgment of divorce, vacating the March 17 order and reinstating the March 27 judgment. For clarification of the record, the court ordered Mr. Engel to file a withdrawal of the fault grounds to be filed nunc pro tunc to February 2, 2003. Finally, the court granted a judgment of divorce on the basis of irreconcilable differences, nunc pro tunc to February 3, 2003.
¶ 9. Aggrieved by the judgment, Ms. Engel appealed. She now asserts that "the chancellor erred in not setting aside the judgment between the parties and ruling that it was void."

STANDARD OF REVIEW
¶ 10. Our review of domestic relation matters is limited. Carrow v. Carrow, 741 So.2d 200, 202(¶ 9) (Miss.1999). We will not reverse the decision of a chancery court unless the chancellor abused his or her discretion, was manifestly in error, or applied an erroneous legal standard. Id. (citing Turpin v. Turpin, 699 So.2d 560, 564(¶ 15) (Miss.1997)). This is especially true when dealing with divorce, alimony, or child support. Sumrall v. Munguia, 757 So.2d 279, 282(¶ 12) (Miss.2000) (citing Tilley v. Tilley, 610 So.2d 348, 351 (Miss. 1992)).

ISSUES AND ANALYSIS

I. Whether the chancellor erred in not setting aside the judgment between the parties and ruling that it was void.
¶ 11. Ms. Engel maintains that the March 27, 2003 judgment was void and that the judgment of divorce granted on December 3, 2004 nunc pro tunc to February 3, 2003 exceeded the chancellor's authority, as the proceedings did not adhere to the statutory requirements for divorce on the basis of irreconcilable differences. Ms. Engel claims that the proceedings failed to comply with the Mississippi Code Annotated § 93-5-2 in several ways: (1) the purported consent to adjudicate did not contain mandatory language; (2) the file did not contain a withdrawal of fault grounds by both parties; and (3) the file did not contain an order of the court granting a withdrawal of the fault grounds. We will address each of these claims separately.
¶ 12. Regarding divorce on the grounds of irreconcilable differences, Mississippi Code Annotated § 93-5-2 states in part:
(1) Divorce from the bonds of matrimony may be granted on the ground of irreconcilable differences, but only upon the joint complaint of the husband and wife or a complaint where the defendant has been personally served with process or where the defendant has entered an appearance by written waiver of process.
. . . .
(3) If the parties are unable to agree upon adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between them, they may consent to a divorce on the ground of irreconcilable differences and permit the court to decide the issues upon which they cannot agree. Such consent must be in writing, signed by both parties personally, must state that the parties voluntarily consent to permit the court to decide such issues, which shall be specifically set forth in such consent, and that the parties understand that the decision of the court shall be a binding and lawful judgment. ...
. . . .

*509 (5) Except as otherwise provided in subsection (3) of this section, no divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; provided, however, that a divorce may be granted on the grounds of irreconcilable differences where there has been a contest or denial, if the contest or denial has been withdrawn or cancelled by the party filing same by leave and order of the court.

Miss.Code Ann. § 93-5-2 (Rev.2004) (emphasis added).
¶ 13. In Massingill v. Massingill, 594 So.2d 1173, 1178 (Miss.1992), the court addressed the requirements for valid mutual consent to divorce on the ground of irreconcilable differences. Unlike the case at bar, irreconcilable differences was only asserted in the separate pleadings of both parties as an alternate ground for divorce, and there was no valid consent in writing signed by both parties. Id. The court concluded, however, that even if the pleadings constituted the required consent in writing signed by both parties, the writing ultimately failed, as it did not contain mandatory language pursuant to Mississippi Code Annotated § 93-5-2(3). Id. Specifically, the writing did not state that the parties voluntarily consent to permit the court to decide the issues upon which the parties could not agree, nor did the writing specify the issues to be decided by the court. Id. Moreover, the writing neglected to state that the parties understand that the decision of the court shall be a binding and lawful judgment. Id. The Massingill court explained that divorce "is a statutory act and the statutes must be strictly followed as they are in derogation of the common law." Id. (quoting Kergosien v. Kergosien, 471 So.2d 1206, 1210 (Miss. 1985)). Consequently, the court held that the chancellor exceeded his authority in granting a divorce on the ground of irreconcilable differences when the statutory requirements had not been met. Id. at 1178.
¶ 14. In the case at bar, it is clear that the divorce proceedings failed to strictly adhere to the statutory mandates. Although the parties did consent to submit certain issues for adjudication by the court, the document did not express that the parties did so "voluntarily." Moreover, the consent to adjudicate did not specifically set forth the issues to be decided by the court, as it submitted to the court the task of dividing certain personal property, which was only "tentatively identified" in the "Order." Finally, the document failed to comply with statutory requirements in that it did not recite the language: "the parties understand that the decision of the court shall be a binding and lawful judgment." Thus, under a strict reading of the statute, the chancellor erred in granting a divorce based on irreconcilable differences.
¶ 15. Procedural errors in divorce proceedings, however, have been held to be harmless under the facts. Rounsaville v. Rounsaville, 732 So.2d 909, 912(¶ 11) (Miss.1999); Johnston v. Johnston, 722 So.2d 453, 457(¶ 10) (Miss.1998). In Johnston, the chancellor granted a divorce before adjudicating the issues of permanent child support, permanent alimony, and property rights. Id. at 456(¶ 3). The Mississippi Supreme Court determined that equity did not warrant reversal, since the appellant had shown no prejudice as a result of the procedural error.
¶ 16. Although Ms. Engel has shown no prejudice as a result of these procedural errors, the fact that Mr. Engel failed to file a brief with this Court prevents us from concluding that equity does not warrant reversal. This Court has long held that an appellee's failure to file a brief is tantamount to confession of error and *510 will be accepted as such unless the reviewing court can say with confidence, after considering the record and the brief of the appealing party, that there was no error. Varvaris v. Perreault, 813 So.2d 750, 752(¶ 5) (Miss.Ct.App.2001) (citing Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984)). "Automatic reversal is not required where appellee fails to file a brief." Id. (citing N.E. v. L.H., 761 So.2d 956, 962(¶ 14) (Miss.Ct.App.2000)). In order to merit reversal, "the appellant's argument `should at least create enough doubt in the judiciousness of the trial court's judgment that this Court cannot say with confidence that the case should be affirmed." Id. (citing Selman v. Selman, 722 So.2d 547, 551(¶ 13) (Miss.1998)).
¶ 17. In light of the procedural errors in this case, we cannot say with confidence that this case should be affirmed. "Divorce in Mississippi is a creature of statute," and we must maintain the integrity of the statutory guidelines. Massingill, 594 So.2d at 1175. Thus, we must "wipe the slate clean and put the parties back where they were prior to trial." Perkins v. Perkins, 787 So.2d 1256, 1265(¶ 25) (Miss.2001) (citing Massingill, 594 So.2d at 1177)). Accordingly, this case is reversed and remanded.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.