LEE, C.J.,
for the Court:
¶ 1. This appeal addresses the requirement for a written consent agreement for parties to proceed in obtaining a divorce on the ground of irreconcilable differences under Mississippi Code Annotated section 93-5-2(3) (Supp.2012).
FACTS AND PROCEDURAL HISTORY
¶ 2. On October 21, 2010, Randy Reno filed a complaint for divorce against Casey Reno on the grounds of habitual and excessive use of opium, morphine, or other like drug; habitual cruel and inhuman treatment; and, in the alternative, irreconcilable differences. Casey filed an answer and counterclaim, denying both the habitual and excessive drug use and the cruel and inhuman treatment and asserting irreconcilable differences. Casey also alleged that venue was improper in Tish-omingo County Chancery Court, where Randy had originally filed. On December 17, 2010, the case was transferred to the DeSoto County Chancery Court.
¶ 3. On May 26, 2011, Randy filed an amended complaint for divorce to include adultery along with the grounds he originally asserted. Casey filed her answer, denying the contested grounds for divorce but again admitting that irreconcilable differences existed between the parties.
*1155 ¶4. On November 16, 2011, a hearing was held in DeSoto County Chancery Court. Before the trial began, the parties informed the chancellor that they wished to proceed on the ground of irreconcilable differences. The chancellor stated from the bench:
In order for the Court to proceed on the ground[ ] of irreconcilable differences, I have to have both of your consentís].... Normally, the consent is reduced to writing[,] ... but there’s ... case law that allows us to take testimony from y’all about your consentí;] then it will be reducefd] to writing in the form of the divorce decree.
[[Image here]]
If [it is your agreement], and you agree that you are entering into this consent and that you will sign the consent agreement, the divorce decree, once it is presented, then — and you understand that once you enter into this consent, you can’t change your mind. You can’t back out. I’m going to proceed on irreconcilable differences.... And after you tell me that, even if you change your mind and decide, I’m not going to sign it. Well, you’ve already consented, you told me you are going to sign it, so I will sign it whether you sign it or not.
The chancellor then questioned both parties about their consent, and both parties consented to a divorce on the ground of irreconcilable differences. Additionally, both parties consented that they would keep the property currently in their respective possessions. Although the parties gave verbal consent at the hearing, no written consent was ever filed. The only issue submitted to the chancellor was the custody of the children.
¶ 5. After hearing testimony and evidence, the chancellor awarded Randy primary physical custody of the children and awarded Casey visitation. The final judgment of divorce was entered on January 24, 2012, nunc pro tunc to November 16, 2011. No post-trial motions were filed by either party. Casey now appeals, arguing that the divorce is void because the consent was never reduced to writing.
STANDARD OF REVIEW
¶ 6. “This Court will not disturb the findings of a chancellor when supported by substantial credible evidence unless the chancellor abused his or her discretion, was manifestly wrong [or] clearly erroneous, or [applied] an erroneous legal standard .... ” Dupre v. Dupre, 71 So.3d 1226, 1228 (¶ 11) (Miss.Ct.App.2011). However, “[l]egal questions are reviewed de novo.” Id.
DISCUSSION
¶ 7. The sole issue on appeal is if verbal consent to a divorce on the ground of irreconcilable differences, where no written consent agreement was filed, is sufficient to satisfy the consent requirement under section 93-5-2(3).
¶ 8. Section 93-5-2(3) states in relevant part:
If the parties are unable to agree upon adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between them, they may consent to a divorce on the ground of irreconcilable differences and permit the court to decide the issues upon which they cannot agree. Such consent must be in writing, signed by both parties personally, must state that the parties voluntarily consent to permit the court to decide such issues, which shall be specifically set forth in such consent, and that the parties understand that the decision of the court shall be a binding and lawful judgment. Such consent may not be withdrawn by a party without leave of *1156 the court after the court has commenced any proceeding, including the hearing of any motion or other matter pertaining thereto.
(Emphasis added).
¶ 9. In Massingill v. Massingill, 594 So.2d 1173, 1178 (Miss.1992), the Mississippi Supreme Court addressed a similar issue. In that case, the parties both sought a divorce on the ground of irreconcilable differences but failed to sign a written consent. The court held that “[t]he parties must do more ... than implicitly consent to a divorce on the ground of irreconcilable differences and raise issues in their pleadings.” Id. at 1177. The parties must ensure that the consent adheres to the statutory requirements, meaning it must:
(1) be in writing and signed personally by both parties;
(2) state “the parties voluntarily consent to permit the court to decide” the specific issues on which they cannot agree; and
(3) state “that the parties understand that the decision of the court shall be a binding and lawful judgment.”
Miss.Code Ann. § 93-5-2(3).
¶ 10. As to the statutory requirements, the Mississippi Supreme Court has firmly stated:
Divorce is a creature of statute; it is not a gift to be bestowed by the chancellor based upon a perception that declining to grant the divorce will not restore the couple to a harmonious relationship. It is a statutory act and the statutes must be strictly followed as they are in derogation of the common law.
Massingill, 594 So.2d at 1178 (quoting Kergosien v. Kergosien, 471 So.2d 1206, 1210 (Miss.1985)).
¶ 11. The chancellor committed manifest error by failing to strictly follow section 93-5-2(3). Because “the chancellor exceeded [her] statutory authority in granting a divorce on the ground of irreconcilable differences, we in effect ‘wipe the slate clean and put the parties back where they were prior to trial.’ ” Massingill, 594 So.2d at 1179 (quoting Haralson v. Haralson, 483 So.2d 378, 380 (Miss.1986)). Therefore, we reverse and remand.
¶ 12. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., AND CARLTON, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.