CARLTON, J.,
concurring in part and dissenting in part:
¶ 41. Because I would find that the chancellor erred by awarding Lori a greater amount of child support than the amount agreed .to in the parties’ “Consent to Adjudicate,” I would reverse and render with respect to that issue. I therefore concur in part and dissent in part from the majority’s opinion.
¶42, Gary argues that the chancellor erred by awarding Lori $775.85 a month in child support until the couple’s daughter reached the age of majority. Gary contends that the parties never submitted the issue of child support to the chancellor for adjudication since they had already agreed to the monthly amount of $727 in their “Consent to Adjudicate.”. On appeal, Gary asserts that the chancellor’s action of unilaterally increasing the monthly amount, of child support exceeded her authority since the parties never consented to submit this issue to the chancellor for her determination as required by Mississippi Code Annotated section 93-5-2(3) (Rev.2013).
¶ 43. In Sanford v. Sanford, 124 So.3d 647, 648 (¶ 1) (Miss.2013), the supreme court recognized that Mississippi statutory law provides two distinct paths for a couple seeking an irreconcilable-differences divorce. Under the first option, the couple can “provide a written agreement settling the custody and maintenance of any children of. the marriage and property rights; if the chancellor deems the terms adequate and sufficient, he or she may incorporate the agreement in the judgment and grant a divorce.” Id. (citing Miss.Code Ann. § 93-5-2(2) (Rev.2013)).
¶ 44. Under the second option for an irreconcilable-differences divorce, a couple *1128 consents to allow the chancellor to decide certain disputed issues. Id. (citing Miss.Code Ann. § 93-5-2(3)). “The consent must: (1) be in a writing signed by both parties; (2) state that the couple voluntarily agrees to permit the chancellor to decide the issues designated in their written consent; and (3) state that the parties understand that the chancellor’s decision will be binding and lawful.” Id. Following the parties’ consent pursuant to section 93-5-2(3), “[a]ll matters involving the custody and maintenance of any children of the marriage and property rights must then be either adjudicated by the chancellor or agreed upon by the parties and deemed adequate and sufficient before a divorce can be granted.” Id
¶ 45. The second option for an irreconcilable-differences divorce, as set forth in section 93-5-2(3), applies to the instant appeal. The record reflects that, in accordance with section 93-5-2(3), Gary and Lori agreed to submit only certain issues to the chancellor to adjudicate, and they provided no consent to permit the chancellor to adjudicate child support.[6] While the chancellor acknowledged the parties’ prior agreement on the amount of child support, she still found that she retained the authority to determine the adequacy and sufficiency. of the agreed-upon amount. As previously stated, the chancellor made this finding despite the parties’ lack of a “Consent to Adjudicate” this issue as required by section 93-5-2(3). Upon finding that the child-support amount failed to satisfy “the statutorily required minimum of 14% of Gary’s adjusted gross income,” the chancellor increased Gary’s monthly child-support payment from $727 to $775.85.
¶ 46. “Divorce in Mississippi is a creature of statute. Original jurisdiction to grant divorces in this State was vested in the legislature^] and the subsequent jurisdiction of the chancery court over divorce is derived from the assignment of that authority to the chancery court by the legislature.” Massingill v. Massingill, 594 So.2d 1173, 1175 (Miss.1992). Upon review, I would reverse and render the chancellor’s judgment as to the issue of child support since the parties never submitted the issue to her for adjudication as required by section 93-5-2(3).[7] In the parties’ “Consent to Adjudicate,” they agreed Lori would receive $727 a month in child support, and as stated, they never submitted the issue to the chancellor for adjudication. See Miss.Code Ann. § 93-5-2(3).[8] Therefore, the chancellor erroneously adjudicated the issue by changing the amount of support without the parties’ consent to adjudicate. See Finch v. Finch, 137 So.3d 227, 237 (¶ 33) (Miss.2014) (finding that child support was ordered pursuant to the parties’ agreement in their consent to adjudicate and could not be modified absent a material change in circumstances).
¶ 47. In addition to finding no “Consent to Adjudicate” child support in the record, I also acknowledge that the record shows Gary filed a posttrial motion to reconsider and for a new trial. See M.R.C.P. 59. Accordingly, I would reverse the chancellor’s award of child support since the parties submitted no “Consent to Adjudicate” that issue in this irreconcilable-differences *1129 divorce action.[9] I would also render as to this issue and order that the amount of child support reflect $727, which constitutes the amount agreed to by the parties in their “Consent to Adjudicate.” I therefore concur in part and dissent in part from the majority’s opinion.
GRIFFIS, P.J., AND GREENLEE, J., JOIN THIS OPINION.

.See Miss.Code Ann. § 93-5-2(3) (establishing that parties may consent to an irreconcilable-differences divorce and may permit the chancellor to decide any issues upon which they cannot agree).

. Divorce statutes must be strictly construed. See Massingill, 594 So.2d at 1178.

. See also Crider v. Crider, 904 So.2d 142, 145-48 (¶¶ 7—15) (Miss.2005) (discussing the irreconcilable-differences divorce statute).

. See Short v. Short, 131 So.3d 1149, 1152 (¶ 10) (Miss.2014); Miss.Code Ann. § 93-5-2(3). See also Bougard v. Bougard, 991 So.2d 646, 649-50 (¶ 19) (Miss.Ct.App.2008) (finding that the chancellor and the parties were bound by the parties' agreement).