PEARSON *v.* WEAVER

No. 43420          April 12, 1965          173 So. 2d 666

*Alexander, Feduccia & Alexander,* Cleveland, for appellant.

*Jacobs, Griffith & Hatcher,* Cleveland, for appellee.

INZER, J.

This case is before us on appeal from a judgment of the Circuit Court of Bolivar County, wherein the court sustained a plea in bar to the declaration filed by appellant, Billy Dean Pearson, against appellee, Bobby Weaver.

On October 9, 1963 appellant filed his declaration and alleged that he suffered serious and permanent injuries when the car in which he was riding as a passenger collided with a pickup truck being driven by appellee. Appellant further charged that the collision was caused by the negligence of appellee in driving his pickup truck in front of the 1939 Ford automobile, being driven by Carl Melton, in which appellant was riding, and that the accident happened on or about November 10, 1962 on Chrisman Avenue in the City of Cleveland, Mississippi.

Defendant answered the declaration on November 12, 1963. He admitted that his pickup truck was struck by a car owned and operated by Carl Melton and in which appellant was riding, but denied that he was guilty of any negligence that caused or contributed to appellant's injuries.

On November 19, 1963 appellee filed as a separate plea a plea in bar. He alleged in his plea that on November 12, 1962 appellant had executed in consideration of $30 a written release whereby he had released Weaver Brothers Service Station, in which appellee was a partner, from any and all liability as a result of the accident which happened on or about November 10, 1962, and that this release released appellee from any and all claims as a result of the above-mentioned accident.

Appellant then filed a notice of special matter in which he alleged that the plea in bar was filed as a separate and distinct defense and was not incorporated in his answer as required by statute, and that the same should be stricken for this reason. Appellant further alleged that the release was obtained by constructive fraud, misrepresentation, non-disclosure of principals, inadequate consideration, mutual mistake and other reasons. Appellant offered to return the $30 paid to him. He requested that the matter contained in his special matter be tried by a jury.

The cause came on for hearing at the regular November term of court, and counsel for appellant and appellee entered into the following stipulation:

It is stipulated and agreed that the plea in bar of accord and satisfaction filed by the defendant in the above styled and numbered cause, and the answer and notice of special matter filed in replication thereto by the plaintiff shall be heard by the Court without a jury, the Court to determine all questions of fact and law with reference to the plea in bar and the answer and affirmative matter filed thereto.

The trial judge then heard the evidence relative to the facts and circumstances surrounding the accident, the extent of injuries, and the execution of the release. He then took the case under advisement, and ten days later entered an order sustaining the plea in bar, and dismissed the suit. From this order this appeal was prosecuted.

Appellant contends the trial court was in error in considering the plea in bar on its merits, becaues it was not incorporated in the answer as required by Mississippi Code Annotated section 1475.5 (1956). This section states in part as follows:

Pleas in circuit court are hereby abolished and every defense heretofore presentable by plea shall be made in an answer . . . .

If the defendant desire to prove by way of defense in an action, any affirmative matter in avoidance, which by law may have been proved heretofore under special plea he shall set forth in his answer to the action such affirmative matter and incorporate such defense therein, otherwise such matter shall not be allowed to be proved at the trial . . . .

It is apparent that had appellant insisted on a separate hearing of the motion to strike this plea in bar it should have been sustained. However, after entering into a stipulation that the trial judge could hear and determine the issues raised by the plea in bar and the notice of separate matter, he cannot now complain of the fact that the trial judge considered the plea in bar on its merits. It was a matter in the discretion of the trial judge as to whether he would consider the plea on its merits. Appellant does not contend that he was in any way prejudiced by the late filing of the plea. The trial judge had a right to consider the plea as an amendment to the answer, which he evidently did. Under the facts and circumstances of this case, we do not consider this action of the trial judge as error.

Appellant further contends that the consideration of $30 paid by appellee was so grossly inadequate as to shock the conscience of the Court, and infers fraud and misrepresentation. The trial judge observed and heard the witnesses testify relative to the facts and circumstances surrounding execution of the release, and

found that this contention of appellant was not well taken. The trial judge no doubt considered along with the other evidence the fact that a period of three weeks elapsed from the time appellant signed the release until he was paid the $30 consideration. Appellant had every opportunity to change his mind and refuse to accept the payment, but he did not do so. He received the check and cashed it without complaint. The finding of the trial judge had the same effect as the verdict of a jury on this issue. We said in Hall v. State, 247 Miss. 896, 903, 157 So. 2d 781 (1963), where the trial judge tried the issues without a jury, that:

> The lower court judge, in this case, had sole authority for determining the credibility of the witnesses. Pate Lumber Co. v. Weathers, 167 Miss. 228, 146 So. 433. We have heretofore held that the findings of a court in such circumstances are entitled to the same weight as a jury verdict, Key v. Withers & Wellford, 159 Miss. 125, 131 So. 868, and we have further held that the findings of fact should not be disturbed unless they are manifestly wrong. Ellis v. Pellegrini, Inc., 163 Miss. 385, 141 So. 273; U.S.F. & G. Company v. State, for use of Ward, 211 Miss. 864, 53 So. 2d 11; McCallum v. Laird, 244 Miss. 273, 142 So. 2d 32.

We have carefully considered the evidence as to this contention, and we cannot say that the finding of the trial judge is against the overwhelming weight of the evidence or that he was manifestly wrong. Latimer v. Dent, 177 Miss. 869, 172 So. 126 (1937); Miss. Power & Light Co. v. Tripp, 183 Miss. 225, 183 So. 514 (1938); Roberts v. Interstate Life and Acc. Ins. Co., 232 Miss. 134, 98 So. 2d 632 (1957).

■■ ■ Appellant contends also that the release should be set aside because of mutual mistake of the contracting parties, in that the extent of injuries was not known at the time the release was signed and consequently there was a mutual mistake of the parties. It is true that it

developed that after this release was executed that appellant discovered that his injuries were much more serious than his doctor thought them to be at that time. However, the proof shows that the adjuster, Joe White, told appellant that in his opinion there was no liability on the part of appellee and that he offered to pay him $30 for the release not as payment for any injuries that appellant had received or suffered, but to buy peace for his company. The extent of the injuries was not material to the release, as it was not contemplated that the $30 offered would compensate appellant for the then known injuries. There was no attempt to settle with appellant on the basis of his injuries. Therefore it cannot be said that because the extent of the injuries was unknown at that time that there was a mutual mistake of fact. We said in Fornea v. Goodyear Yellow Pine Co., 181 Miss. 50, 178 So. 914 (1938), that:

> The law is that parties have a right to make contracts not prohibited by law, in matters affecting their business and civil rights, and that a party who signs a contract is usually controlled by the terms of the written contract, and the same cannot be varied or contradicted by parol evidence; and that a party who has signed a contract in writing would not ordinarily be permitted to excuse himself from the effect of the contract because of his failure to read it or to become acquainted with its contents. Alabama & V.R. Co. v. Kropp, 129 Miss. 616, 92 So. 691; Continental Jewelry Co. v. Joseph, 140 Miss. 582, 105 So. 639; Gunter et al. v. Henderson Molpus Co., 149 Miss. 603, 115 So. 720. Many other cases to the same effect could be cited from the reports of the Supreme Court of this state.

181 Miss. at 64.

> We also said in the latter part of the opinion that:
> While the law recognizes that there is no method known to the law by which to make people prudent,

and that experience shows that people often imprudently make contracts, including the signing of releases, yet every person must be presumed to know the law, and the absence of some misrepresentation or illegal concealment of facts, the person must abide the consequences of his contracts and actions.

In the light of the fact that people are not prudent, and may at times be unjustifiably imposed upon, this court has been liberal in reviewing transactions where one party might have the advantage over another party in experience, knowledge, and wisdom; but in the absence of fraud, deceit, or fiduciary relations of some kind, the court cannot relieve a person from the consequences of his acts merely because he has not acted prudently or diligently about his contracts or other matters.

181 Miss. at 65-66.

■ ■ In the case before us, the trial judge, when he sustained the plea in bar, necessarily found that there was no fraud or deceit and no misrepresentation as to other matters. There is no proof in this case of any confidential relationship between the parties. The trial judge further found that there was no mutual mistake of the contracting parties. We are of the opinion that the evidence justified such a finding. The trial judge also found that there was no such disparity in the mental condition of the parties as would justify the court to infer fraud in the procurement of the release. He considered all the contentions made by appellant on this appeal, and resolved them against appellant. We have considered these contentions in the light of the record and the excellent briefs in this case, and we cannot say that the trial judge was wrong in his decision. There is ample evidence to support his finddings.

Therefore, for the reasons stated, the judgment of the trial court should be and it is hereby affirmed.

Affirmed.

*Lee, C. J., and Jones, Brady and Patterson, JJ.,* concur.