403 So.2d 877 (1981)
John W. HANCOCK
v.
FARM BUREAU INSURANCE CO., et al.
No. 52890.
Supreme Court of Mississippi.
September 23, 1981.
*878 Paul M. Neville, Meridian, for appellant.
Kenneth Watts, Grace Watts, J.R. Shannon, Walter W. Eppes, Jr., Meridian, Jerome B. Steen, Whitman B. Johnson, III, Steen, Reynolds, Dalehite & Currie, Jackson, for appellees.
Before ROBERTSON. BROOM and HAWKINS, JJ.
ROBERTSON, Presiding Justice, for the Court:
Appellant, John W. Hancock, filed a complaint in the Chancery Court of Lauderdale County against Farm Bureau Insurance Company, State Farm Insurance Company, J.R. Shannon and Walter W. Eppes, Jr., seeking reformation of a written release signed by Hancock and obtained by Farm Bureau Insurance Company, for its insured, Mary Walker Stewart. Hancock also prayed that State Farm Insurance Company and its attorneys, J.R. Shannon and Walter W. Eppes, Jr., be enjoined from interposing and relying on this written release as an affirmative defense in a suit for damages filed by Hancock against Gerald Miles Harrison in the Circuit Court of Lauderdale County.
General demurrers by all defendants were filed in the Chancery Court suit and the chancellor sustained these general demurrers and dismissed Hancock's bill of complaint.
On January 6, 1979, about 7:00 p.m., Hancock ran into a stopped automobile owned and operated by Mary Walker Stewart on U.S. Highway 45 Alternate, approximately one mile north of Artesia, Mississippi.
Shortly thereafter, Gerald Miles Harrison drove his car into Hancock's automobile while it was immobilized due to the collision with the Stewart automobile. Stewart's insurer, Farm Bureau Insurance Company, on February 23, 1979, settled Hancock's claim against Stewart for $1500, and took a general release from Hancock on that date.
When suit was filed in the Circuit Court of Lauderdale County by Hancock against Gerald Miles Harrison, defendant Harrison answered and asserted as an affirmative defense the "Final Release and Settlement of Claim" executed by Hancock to Mary Walker Stewart.
At this stage of the proceedings, Hancock, plaintiff in the Circuit Court suit against Harrison, filed his bill of complaint in the Chancery Court of Lauderdale County, praying reformation of the release executed by Hancock in favor of Stewart. This complaint was filed not against Harrison, the only defendant in the Circuit Court suit, but against Stewart's insurer, Farm Bureau Insurance Company, Harrison's insurer, State Farm Insurance Company, and Harrison's attorneys, J.R. Shannon and Walter W. Eppes, Jr. Hancock also prayed that Harrison's insurer "State Farm Insurance Company, J.R. Shannon and Walter W. Eppes, Jr." be enjoined "from relying on the said Release in the defense of Gerald Miles Harrison in Cause No. 1055-H pending in the Circuit Court of Lauderdale County, Mississippi."
We affirm the decree of the chancery court sustaining the general demurrers of all defendants and dismissing the bill of complaint because there is no equity on the face of the bill and because plaintiff Hancock has a plain, adequate and speedy remedy at law.
In Huffman v. Griffin, 337 So.2d 715 (Miss. 1976), this Court said:
"This motion raises the issue of priority jurisdiction between courts of concurrent jurisdiction. The principal of priority jurisdiction is that where two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit. [Citing Lee v. Lee, 232 So.2d 370, 373, (Miss. 1970), and other authorities]. (Emphasis added).
"In this state priority of jurisdiction between courts of concurrent jurisdiction is determined by the date the initial pleading is filed, provided process issues *879 in due course. [Citing Euclid-Mississippi v. Western Casualty and Surety Company, Inc., 249 Miss. 547, 559-60, 163 So.2d 676 (1964), and other authorities]. 337 So.2d at 719.
Plaintiff, Hancock, chose his forum when he filed his suit for damages against Gerald Miles Harrison in the Circuit Court of Lauderdale County. He is bound by that decision and, as said in Huffman:
"[T]he court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit."
337 So.2d at 719. (Emphasis added).
In Bogdahn et al. v. Pascagoula Street Ry. & Power Co., 118 Miss. 668, 79 So. 844 (1918), it was held that the matter of a $7,500 settlement with a joint tort feasor and a release executed by the plaintiff was properly submitted to a circuit court jury for consideration.
In Pearson v. Weaver, 252 Miss. 724, 173 So.2d 666 (1965), Pearson appealed from a judgment of the Circuit Court of Bolivar County which sustained a plea in bar to his declaration because Pearson had executed a written release to defendant Weaver's insurance carrier. Pearson claimed that there was a mutual mistake because his injuries were more serious than at first supposed when the release was executed. It was stipulated that the trial judge could decide all questions of law and fact without submitting the matter to a jury. The circuit court determined that there was no mutual mistake of the contracting parties and this Court affirmed.
In McCorkle v. Hughes, 244 So.2d 386 (Miss. 1971), appellant McCorkle filed suit for damages against Hughes in the Circuit Court of the First Judicial District of Hinds County. The defense was that McCorkle had knowingly and voluntarily executed a general release of all damages resulting from the automobile accident. This defense was set up in the answer as a plea in bar and a separate and preliminary hearing was held on this plea.
McCorkle, in her reply, admitted that she signed the general release but alleged that there was a mutual mistake as to the nature and duration of her injuries. This Court affirmed the circuit court's ruling that there was no mutual mistake, no fraud and no over-reaching.
These cases are cited to show that Hancock has a plain, adequate and complete remedy at law, and can assert mutual mistake in the Circuit Court of Lauderdale County in the execution of his release to Stewart.
The suit having been first filed in the Circuit Court of Lauderdale County, that court "retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit." Huffman v. Griffin, supra. (Emphasis added).
Another fatal error in the chancery court suit is that Harrison, the only defendant in the circuit court suit, is not even made a party and yet Hancock seeks to enjoin Harrison's insurer and his attorneys from asserting in the circuit court an affirmative defense on Harrison's behalf. Any decision of the chancery court would thus not affect the sole defendant, Harrison, in the circuit court suit.
The decree of the chancery court, sustaining the general demurrers of all defendants and dismissing the bill of complaint, is, therefore, affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.
LEE, J., takes no part.