519 So.2d 436 (1988)
Mary TAYLOR
v.
The FIRESTONE TIRE AND RUBBER COMPANY.
No. 57331.
Supreme Court of Mississippi.
January 27, 1988.
Rehearing Denied March 9, 1988.
*437 Isaac K. Byrd, Jr., James W. Craig, Byrd & Associates, Jackson, for appellant.
William H. Cox, Jr., Cox & Dunn, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:

FACTS
Mary Taylor was a customer of the Firestone Tire and Rubber Company store on Pascagoula Street in Jackson, Mississippi on June 18, 1984. While on the premises, she slipped and fell, sustaining minor injuries. Taylor retained Isaac K. Byrd, Jr., to represent her in the matter. On October 8, 1984, a settlement demand, in the amount of $5,000, which included $350 in medical bills, was sent to Firestone, represented by William H. Cox, Jr. Firestone, on February 22, 1985, offered to settle the case for $1,500 plus the $350 amount for medical bills. The offer, which denied liability but acknowledged that Taylor did sustain an injury in the store, was subsequently rejected.
On February 25, 1985, Taylor made an oral offer to Firestone, through her counsel, to settle her personal injury claim for $2,000. Firestone, by a letter dated February 27, 1985, accepted the offer, and forwarded to Taylor a check in the amount of $2,000 and a release form. Taylor neither executed the release nor cashed the enclosed check, although both were retained by her. Approximately one month later, Taylor was hospitalized, suffering from back pain and osteoarthritis. As a result, she incurred medical bills in the amount of $4,669.50.
Many months later, on October 10, 1985, Taylor through counsel returned to Firestone the unexecuted release form and the bank draft in the amount of $2,000. Further, Taylor stated that:
Our minimum settlement demand is $18,000. If we do not hear from you by October 21, 1985, we will assume that you do not wish to settle this matter and will prepare a lawsuit.
Ensuingly, Firestone brought the present action in the Chancery Court of Hinds County, seeking declaratory and injunctive relief, and specific performance of the settlement agreement. A hearing was held in the matter on March 4, 1986. The lower court determined that there had been a valid offer and acceptance to settle the case for $2,000. On this basis, the chancellor found that the agreement could be enforced, and entered judgment for Firestone, directing Taylor to carry out the agreed settlement, and declaring such to be res judicata as to any further claim and causes of action arising from the incident in question. From this adverse judgment, Taylor appeals, making two (2) assignments of error.
I. DID THE CHANCELLOR ERR IN OVERRULING APPELLANT'S MOTION TO DISMISS THE COMPLAINT?
II. DID THE CHANCELLOR ERR IN ENFORCING THE PURPORTED SETTLEMENT AGREEMENT, AND ENTERING THE FINAL DECREE IN THIS CASE?
At trial, Taylor made stipulations concerning a number of items connected with the settlement agreement which included: (1) Issac Byrd, counsel for Taylor, had full power and consent to negotiate the settlement agreement; (2) an oral offer was made on February 25, 1985 by Byrd for Taylor to settle her personal injury claim for $2,000; (3) the offer was accepted by Firestone through a letter dated February 27, 1985 and a bank draft and release were forwarded to Byrd from Cox, Firestone's attorney. Appellant now argues that the settlement contract was invalid due to the fact that there was a mutual mistake made *438 during the negotiation process. 15A C.J.S. Compromise & Settlement § 36 (1967). The basis for Taylor's argument revolves around the contention that both she and Firestone, in reaching the $2,000 figure considered the amount of medical expenses incurred. In this context, Firestone had, in a preliminary offer, proposed to settle the case for $1,500 plus Taylor's $350 in medical expenses incurred. Appellant urges that when appellant incurred, subsequent to reaching the settlement agreement, an additional $4,669.50 in medical bills, both parties were mistaken as to this element of the bargain. Consequently, Taylor argues that the agreed settlement should be invalidated on the basis of mutual mistake.
The only witness to testify at trial was William H. Cox, Jr., the attorney for Firestone who negotiated the settlement for Firestone. Cox testified that the amount of medical bills incurred by Taylor was not a consideration in accepting the $2,000 offer of settlement. Instead, Firestone had always denied liability for the incident, but as is often the case, was merely "buying its peace." This in essence was another situation where a defendant wished to settle for an amount equal to the cost of litigation. Further, Cox testified that there was no mistake on Firestone's part as to this being the reason for accepting Taylor's offer.
In Pearson v. Weaver, 252 Miss. 724, 173 So.2d 666 (1965), we stated, in a situation very similar to the present case, that where a defending party disclaims any liability in an action and settles simply to buy peace, not to compensate any injuries the plaintiff received, the fact that such plaintiff's injuries were subsequently found to be more serious than when he executed a release could not give rise to a claim of mutual mistake. Pearson at 731, 173 So.2d at 669. The release sent to Taylor was never executed, but appellant at trial stipulated that a settlement agreement had been reached.
In the trial below, as found by the chancellor, there was simply no evidence presented that would indicate any mistake on the part of Firestone as to its reasons for settling the case. Any mistake made was solely on the part of Taylor. A unilateral mistake will not be the basis for upsetting a settlement unless there is some evidence of fraud, duress, overreaching, etc. 15A C.J.S. Compromise & Settlement § 36 (1967). There was no evidence presented to the lower court which would prove any type of misconduct on either Taylor or Firestone in reaching the settlement. The assignments of error are without merit. We affirm.

CONCLUSION
In the trial below, the only witness to testify stated that Firestone agreed to the settlement solely to buy its peace. There was no contradicting testimony on this point. Consequently, there was no mutual mistake concerning the payment of Taylor's subsequent medical expenses, upon which the agreement might be invalidated. The lower court's decision is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.