ROBERTSON, Justice,
for the Court:
I.
This is round three of the fight between two Jacksonians of Greek ancestry for title to property once held by their late father on the Isle of Patmos. Rounds one and two resulted in remands to the Chancery Court for further consolidated proceedings regarding the validity of a 1981 will and the effect of Greek law on a power of attorney. The revelations made available to the Court from this round are far more modest than those perceived by St. John the Divine in his sojourn upon the Isle of Patmos, as the case “cometh with clouds.” Though we had hoped at this point to announce the Alpha and Omega of this dispute, discretion suggests something less. We affirm.
II.
Notwithstanding its biblical heritage, the Greek Isle of Patmos has become a resort and tourist attraction. During his lifetime Emanuel Stavros Varvaris owned a piece of Patmos. Emanuel died in Hinds County on June 30, 1981, at the age Of eighty or thereabouts, leaving two children who are our disputants: Jean Kountouris (Mrs. Mike Kountouris) and Steven Varvaris, whose wife is Estelle Varvaris.
Our background details may be found in our prior opinions. See In re Will and Estate of Varvaris, 477 So.2d 273 (Miss.1985) (“Varvaris I”); and Kountouris v. Varvaris, 476 So.2d 599 (Miss.1985) (“Varvaris II”). These need not be repeated here except in the most cursory fashion.
The legal contest concerns the validity and enforceability of three instruments of private law. The first is Emanuel Varvar-is’ November 30, 1966, will under which Jean Kountouris would take the Patmos Island property. The second is a February 20, 1981, will under which Steven Varvaris would take. Neither of these instruments would pass title, however, if a September 11, 1980, general power of attorney executed by Emanuel Varvaris was sufficient in law to empower Mike Kountouris to convey the property to his wife Jean.
On this latter point, we held in Varvaris II, that the power of attorney was ineffective to empower Kountouris to convey interest in lands in Mississippi. As the property at issue is situated within the Republic of Greece, we remanded for consideration of whether the instrument contained legal power under Greek law. In the will contest, we remanded for trial of *802 the factual issue of whether the 1981 will was the product of undue influence by Steven Yarvaris. ■
On remand, the validity and enforceability of all three instruments was fully litigated. The Chancery Court, via final judgment entered July 16, 1986
(1) held that the last will and testament of Emanuel Varvaris dated November 30, 1966, was the true and valid will of the testator;
(2) held that the last will and testament of Emanuel Varvaris dated February 20, 1981, was void and of no effect for the reason that it was procured through the undue influence of Steven Varvaris upon the testator; and
(3) dismissed Steven Varvaris’ attack on the power of attorney on grounds that it will have to be resolved by the courts of the Republic of Greece under Greek law.
The net effect of all this is that Jean Varvaris Kountouris gets the Patmos Island property. Not surprisingly, Steven appeals.
III.
Varvaris assigns a number of pre-merits errors: that the Chancery Court erroneously denied his request for a jury trial, that the Court erroneously refused his (third) motion for a continuance, and that the Chancery Judge erroneously refused to re-cuse himself.
The record reflects that the request for a jury trial was made on Thursday, June 19, 1986 — just two working days before the trial which was held on June 23, 1986. Because of the administrative difficulties in summoning a jury, the Court acted within its discretion in denying trial by jury on grounds that the request for same was untimely made.
The Court was well within its authority in denying the motion for a continuance as Steven Varvaris had already been granted two prior continuances. Finally, there is nothing in this record which suggests any bias or prejudice on the part of the Chancery Judge so that we might consider his recusal refusal error.
IV.
We turn now to the merits. First, a word about our scope of review. As all know, our scope of review of factual determinations made by a trial judge sitting without a jury is limited. Alternatively and without a great deal of thought we refer to the rule interchangeably as the substantial evidence rule or the manifest error rule.
Employing substantial evidence parlance, we have said repeatedly that we will not disturb a trial judge’s findings of fact where there is in the record substantial evidence supporting the same. See Cotton v. McConnell, 435 So.2d 683, 685 (Miss.1983); Culbreath v. Johnson, 427 So.2d 705, 707-09 (Miss.1983); Richardson v. Riley, 355 So.2d 667, 668 (Miss.1978). This is so whether those findings relate to matters of evidentiary fact or of ultimate fact. Norris v. Norris, 498 So.2d 809, 814 (Miss.1986); Carr v. Carr, 480 So.2d 1120, 1122 (Miss.1985).
On the other hand, we have often stated that the findings of fact of a trial court should and must be accepted unless they are manifestly wrong. McDaniel Brothers Construction Co. v. Jordy, 195 So.2d 922, 924 (Miss.1967); Pearson v. Weaver, 252 Miss. 724, 173 So.2d 666, 668 (1965); United States Fidelity & Guaranty Co. v. State, For the Use of Ward, 211 Miss. 864, 53 So.2d 11, 14 (1951).
The congruence of these two approaches is found in our several cases which employ a “clearly erroneous” standard for review of findings of fact. See, e.g., Evans v. Continental Grain Co., 372 So.2d 265, 268-69 (Miss.1979); Gerard v. Gill, 195 Miss. 726, 732, 15 So.2d 478, 480 (1943). A finding is “clearly erroneous” when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made.
These thoughts well in mind, we approach the charge that the Chancery Court erred when it set aside the 1981 will. The basis for that ruling below was the *803 Court’s finding of ultimate fact that the 1981 will was procured via the undue influence of Steven Varvaris upon his father. The essential facts regarding this matter are set out in the two prior opinions of the Court, particularly in Varvaris I, 477 So.2d at 274-75, 276-77. The holding below that the 1981 will was procured through undue influence is well supported by substantial credible evidence. No objective observer may say with reason or candor that this finding of ultimate fact was manifestly wrong or clearly erroneous. We hold, as a matter of the law of this state, that the 1981 will is null and void and of no force or effect.
The Chancery Court further held that the November 30,1966, will executed by Emanuel Varvaris was in fact and in law the true and valid last will and testament. The Court rejected Steven Varvaris’ claim that the 1966 will was procured by undue influence. Further rejected was the claim that the will had not been signed by Emanuel Varvaris.
As in the case of the 1981 will, the question is not whether we would find undue influence were we the fact finders but whether the Chancery Court’s findings that Emanuel Varvaris signed the will and that the will was not procured by undue influence were support by substantial credible evidence. We hold that those findings were so supported, that they may not be said manifestly wrong or clearly erroneous. We thus hold as a matter of Mississippi law that the true and valid last will and testament of Emanuel Stavros Varvaris is that which he executed on November 30, 1966.
IV.
In a sense, what we have just said renders the contest regarding the power of attorney moot. Jean Kountouris takes under the 1966 will. If the Patmos Island property pass by virtue of the deed executed pursuant to the power of attorney, again Jean Kountouris takes. Technically, of course, if the power of attorney were valid and if in law it Kountouris to give a deed to the property, neither will contest would amount to a hill of beans.
Were the disputed property in Mississippi, the matter would be at an end. Under Mississippi law we have this day held that the 1981 will is invalid, and that the 1966 will is valid. In Varvaris II, we held that the power of attorney was ineffective to empower Mike Kountouris to convey interest in real property located in this state. See Varvaris II, 476 So.2d at 605.
The ultimate question is the validity and enforceability vel non of these various instruments under Greek law. Do they have legal power in Greece? We saw this in the prior cases and requested that the parties supply us with Greek law. We recognized that the courts of this state are open to citizens of this state who wish to litigate their respective rights to real property, notwithstanding that such property may physically lie within a foreign nation and notwithstanding further that the rights of the parties must ultimately be determined by reference to the law of that foreign nation.
We say all of this, of course recognizing that any adjudication we might make will likely not be finally binding upon the courts of that foreign nation when and if the title issues be litigated there (although we would trust and expect that any good faith adjudication in this court where the parties consented to jurisdiction and litigation in this state would be given respect and deference, if not conclusively so).
The parties have tendered to us extensive extracts from Greek law. These concern Greek property law, law regarding powers of attorney and laws regarding wills and inheritance. The record is devoid, however, of the testimony of any expert witness regarding Greek law and counsel for the parties before us frankly confess that their expertise in Greek law is less than adequate unto the day.
The Court below decided only the issues tendered under Mississippi law, eschewing any venture into Greek law. We have diligently pursued a study of the Greek law tendered in the hopes that we might do as much as possible to bring this litigation to an end. In the end, discretion counsels *804 that we too stay our hands regarding the Greek law questions. What is before us regarding the content and meaning of Greek law is simply too inadequate to allow us to proceed with confidence. Having resolved affirmatively the Mississippi law issues tendered, we decline to decide the foreign law issues. It’s just too Greek for us.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., and ANDERSON, J., not participating.