# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00426-SCT

*KATHY LYNN COOK*

*v.*

*STEPHEN C. COOK*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/06/96 |
| TRIAL JUDGE: | HON. FRANKLIN C. McKENZIE, JR. |
| COURT FROM WHICH APPEALED: | JONES COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JAMES R. HAYDEN |
| | SCOTT J. SCHWARTZ |
| ATTORNEY FOR APPELLEE: | LESTER CLARK, JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 12/17/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/7/99 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This is an appeal from a judgment of divorce in the case of Stephen and Kathy Cook. After each filing separate divorce complaints, on July 10, 1996, the Cooks filed a joint motion for the court to grant a divorce on grounds of irreconcilable differences. Therein, the parties agreed that Mrs. Cook would have custody of the children. They submitted the following issues to the court for determination: a) child support, b) alimony, c) distribution of marital property, d) visitation, e) allocation of marital debts, and f) attorney's fees and court costs. On July 10, during trial, the parties made an ore tenus motion to modify the consent agreement. Mr. Cook's attorney, Tucker Buchanan, dictated the agreement into the record. The parties agreed that Mr. Cook would pay Mrs. Cook $550 per month in child support, maintain medical insurance for the children, and pay any non-covered medical, dental, and optometric expenses on behalf of the children. He also agreed to assume the parties' debts and pay Mrs. Cook $300 per month for the next ten months. Mrs. Cook agreed to quit claim her interest in the marital home to Mr. Cook, and vacate the premises by January 15, 1997. Each party agreed to keep the personal property in his/her possession, with the exception of half of the family photos in Mrs. Cook's possession, which she agreed to turn over to Mr. Cook. By the parties' agreement, Mr. Cook would also receive an oil painting of the house and the heater

purchased by the couple in the fall which had not yet been installed. The only remaining issue for the court to determine was the terms and conditions of visitation.

¶2. After hearing testimony limited to the issue of visitation, Judge McKenzie ordered that the parties would be granted a divorce upon grounds of irreconcilable differences as stipulated in their consent agreement. He stated that the divorce decree would incorporate the modifications to the consent agreement as dictated into the record. The judge further ordered that testifying psychologist Dr. Charlotte Rahaim's recommendations regarding visitation would be incorporated into the final decree. In the Final Judgment of Divorce, Judge McKenzie set out the terms of the consent agreement as described above. He also specified that Mr. Cook would be entitled to visitation with the children on the third weekend of each month from Friday at 5:00 p.m. until Sunday at 6:00 p.m. beginning on July 19, 1996.

¶3. Mrs. Cook appeals to this Court, and assigns as error the trial court's award of an irreconcilable differences divorce without a written consent agreement from the parties or court adjudication on the issues of property distribution and alimony. "The chancellor's decree of divorce will not be reversed unless it is manifestly wrong as to law or fact." *Benson v. Benson*, 608 So.2d 709, 710-11 (Miss. 1992). Finding that the trial court manifestly erred in failing to address the issue of alimony in the judgment of divorce and in allowing the parties to amend their consent agreement orally, we reverse the decision of the chancellor and remand this case to the Jones County Chancery Court for further proceedings consistent with this opinion.

## STATEMENT OF THE LAW

### I.

### THE CHANCELLOR WAS MANIFESTLY IN ERROR BY GRANTING THE PARTIES A DIVORCE ON THE GROUNDS OF IRRECONCILABLE DIFFERENCES WITHOUT HAVING FIRST RECEIVED A WRITTEN PROPERTY SETTLEMENT AGREEMENT OR WITHOUT ADJUDICATING ALL OF THE PROPERTY RIGHTS RAISED BY THE PARTIES UPON THEIR PLEADINGS.

¶4. The statute governing an award of divorce on grounds of irreconcilable differences, § 93-5-2, states in relevant part:

> If the parties provide by *written* agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.

Miss. Code Ann. § 93-5-2(2) (1994) (emphasis added). The parties may in the alternative consent to a divorce on grounds of irreconcilable differences and submit to the court any unresolved issues of child custody and maintenance or distribution of marital property. Miss. Code Ann. § 93-5-2(3) (1994).

> The parties must do more, however, than implicitly consent to a divorce on the ground of irreconcilable differences and raise issues in their pleadings. The additional statutory requirements for a valid mutual consent are listed as follows:

> (1) The consent must be in writing and signed personally by both parties;

(2) The consent must state that the parties voluntarily consent to permit the court to decide the issues upon which the parties cannot agree;

(3) The consent must specifically set forth the issues upon which the parties are unable to agree; and

(4) The consent must state that the parties understand that the decision of the court shall be a binding and lawful judgment.

*Massingill v. Massingill*, 594 So.2d 1173, 1177 (Miss. 1992).

No divorce shall be granted pursuant to this subsection until all matters involving custody and maintenance of any child of that marriage and property rights between the parties raised by the pleadings have been either adjudicated by the court or agreed upon by the parties and found to be adequate and sufficient by the court and included in the judgment of divorce.

Miss. Code Ann. § 93-5-2(3) (1994).

¶5. Under the terms of the parties' oral agreement, Mr. Cook was required to pay Mrs. Cook $300 per month for the next ten months and assume the parties' debts. These two items were discussed by Mr. Buchanan under "section B" of the consent agreement, which read, "(b) The alimony, if any, to be paid by either party or the use and possession of real or personal property to be granted as alimony." However, it not being clear enough from the record that the $300 per month payment was intended by the court and the parties to constitute alimony, we are compelled to remand this case for the purpose of conclusively deciding what if any alimony is to be paid in this case.

¶6. The next issue presented is whether the parties' oral agreement, as dictated into the record by Mr. Buchanan and incorporated into the divorce judgment, met the statutory requirements to modify the parties' consent agreement. We have never specifically addressed whether a written consent agreement under § 93-5-2 may be modified orally rather than by written agreement. However, we have held that the statutory dictates for an award of divorce on grounds of irreconcilable differences must be "strictly followed." *Massingill v. Massingill*, 594 So.2d 1173, 1178 (Miss. 1992) (*quoting Kergosien v. Kergosien*, 471 So.2d 1206, 1210 (Miss. 1985)). In *Massingill*, we found that the chancellor erred in awarding a divorce on grounds of irreconcilable differences based solely upon the pleadings filed by the parties and without a written consent agreement, particularly because the parties each denied that the other was entitled to an irreconcilable differences divorce in the pleadings. *Id*. Although the amendment to § 93-5-2 (allowing for an irreconcilable differences divorce with a written consent agreement) did not become effective until after the parties in *Massingill* had filed their pleadings, we held that the parties could have met the statutory requirements by filing an amendment to the pleadings. *Id*. "Moreover, it is conceivable the required 'mutual consent in writing' could have been accomplished by written stipulation, written agreement, or by some other viable means either prior to or during the last appearance before the chancellor." *Id*.

¶7. Mr. Cook contends that the practice followed by the parties and the trial court in this case amounts to "some other viable means" of satisfying the statutory requirements of filing a consent agreement under § 93-5-2. However, we find nothing in § 93-5-2 or the case law interpreting the statute indicating that an oral agreement by the parties is sufficient to satisfy its requirements. To the contrary, the plain language of the statute dictates that the consent agreement be written and signed by both parties. Miss. Code Ann. § 93-5-2(3) (1994). "These elements are required by statute. It must be emphasized that the language of the statute

is framed in mandatory rather than permissive terms." *Gardner v. Gardner*, 618 So.2d 108, 113 (Miss. 1993). Furthermore, both alternatives set out in *Massingill* for meeting the statutory guidelines involve written documents, not oral modifications. *Massingill*, 594 So.2d at 1178. Because the parties failed to follow the statutory requirements for entering a consent agreement in this case, we find that the chancellor was manifestly wrong in awarding a divorce upon grounds of irreconcilable differences.

## CONCLUSION

¶8. With no written consent agreement or adjudication by the trial court on the property issues submitted to the court for determination, we find that the chancellor's award of divorce upon grounds of irreconcilable differences amounts to manifest error.

¶9. **REVERSED AND REMANDED**.

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**