## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 98-CA-00562-SCT

*DEBRA LOMAX CASSIBRY*

*v.*

*JOHN C. CASSIBRY*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/1998 |
| TRIAL JUDGE: | HON. HARVEY T. ROSS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | PRESTON RAY GARRETT |
| ATTORNEY FOR APPELLEE: | B. RUTH JOHNSON |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED-06/17/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/99 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case comes to this Court on appeal by Debra Lomax Cassibry from an adverse ruling by the Chancery Court of the Second Judicial District of Bolivar County in granting a divorce on irreconcilable differences where no written settlement agreement existed. Although it is clear from the record that the parties had reached an oral agreement, nonetheless, the strict interpretation of Miss. Code Ann. § 93-5-2(2) (1994) was not complied with and our precedent interpreting the statute controls in the case sub judice. *Cook v. Cook*, 725 So. 2d 205, 207 (Miss. 1998); *Gardner v. Gardner*, 618 So.2d 108, 113 (Miss. 1993).

### FACTS

¶2. On December 5, 1996, appellee John C. Cassibry filed his Complaint for Divorce and Other Relief in the Chancery Court of the Second Judicial District of Bolivar County alleging as grounds for divorce habitual cruel and inhuman treatment, willful, continued and obstinate desertion, and irreconcilable differences.

¶3. On February 7, 1997 Debra Lomax Cassibry filed a Complaint for Divorce in the Chancery Court of Lamar County. On October 8, 1997, Lamar County Chancellor Franklin C. McKenzie, Jr. entered an Order to Transfer and Other Relief which transferred the Complaint for Divorce filed by Debra Cassibry to

the Chancery Court of the Second Judicial District of Bolivar County, Mississippi. Trial on the merits was set for January 7, 1998. On January 5, 1998, James R. Hayden, attorney for Debra Cassibry, filed a Motion to Withdraw as Counsel.

¶4. On February 10, 1998, John Cassibry filed a Motion to Enforce Settlement alleging that negotiations ensued culminating that an agreement had been reached by both parties, which agreement was read into the record concurred by Counsel for Debra Cassibry and assented by both parties before the court on record. By letter dated February 25, 1998, James R. Hayden, attorney for Debra Cassibry, requested that the attorney for John Cassibry provide him with a list of possible dates for a hearing on the above referenced Motion as well as his Motion to Withdraw as Counsel and advising counsel to direct any further motions directly to Debra Cassibry, who is also an attorney.

¶5. On March 4, 1998 Debra Cassibry, pro se , faxed a handwritten Motion for Additional Time which was denied on March 5, 1998. The Chancery Court of the Second Judicial District of Bolivar County Mississippi then entered an Order Enforcing Settling Agreement and for Sanctions. Also the Judgment of Divorce-Irreconcilable Differences was entered on that same day.

¶6. The appellant, Debra Cassibry, appeals from this Judgment of Divorce-Irreconcilable Differences incorporating the Transcript of Agreement raising the following issues:

> **I. THAT THE CHANCERY COURT OF THE SECOND JUDICIAL DISTRICT OF BOLIVAR COUNTY, MISSISSIPPI, HONORABLE HARVEY T. ROSS, CHANCELLOR FOR THE SEVENTH CHANCERY COURT DISTRICT, EXCEEDED ITS STATUTORY AUTHORITY WHEN THE COURT ENTERED A JUDGMENT OF DIVORCE-IRRECONCILABLE DIFFERENCES PURSUANT TO SECTION 93-5-2 OF THE MISSISSIPPI CODE ANNOTATED, IN THE ABSENCE OF THE SETTLEMENT OF ALL MATTERS INVOLVING CUSTODY AND MAINTENANCE OF THE CHILDREN BORN TO THE MARRIAGE OF THE PARTIES WHICH EXISTED BETWEEN THE PARTIES TO THE ACTION BEFORE THE CHANCERY COURT.**

> **II. THAT THE CHANCERY COURT OF THE SECOND JUDICIAL DISTRICT OF BOLIVAR COUNTY, MISSISSIPPI, HONORABLE HARVEY T. ROSS, CHANCELLOR FOR THE SEVENTH CHANCERY COURT DISTRICT, EXCEEDED ITS STATUTORY AUTHORITY WHEN THE COURT ENTERED A JUDGMENT OF DIVORCE-IRRECONCILABLE DIFFERENCES WITH AN ATTACHED EXHIBIT "A" WHICH IS ENTITLED TRANSCRIPT OF AGREEMENT WHICH WAS NOT SIGNED BY EITHER PARTY AND THEREBY WAS THE IMPOSITION OF A PROPERTY SETTLEMENT, CHILD CUSTODY AND CHILD SUPPORT AGREEMENT UPON THE PARTIES TO THIS ACTION PURSUANT TO SECTION 93-5-2 OF THE MISSISSIPPI CODE ANNOTATED, IN THE ABSENCE OF A SPECIFIC WRITTEN CONSENT PERSONALLY SIGNED BY EACH PARTY TO THE ACTION FOR THE COURT TO DO SO AS IS REQUIRED BY SECTION 93-5-2 OF THE MISSISSIPPI CODE ANNOTATED.**

> **III. THAT THE CHANCERY COURT OF THE SECOND JUDICIAL DISTRICT OF BOLIVAR COUNTY, MISSISSIPPI, HONORABLE HARVEY T. ROSS, CHANCELLOR FOR THE SEVENTH CHANCERY COURT DISTRICT, EXCEEDED ITS STATUTORY**

**AUTHORITY WHEN THE COURT ENTERED A JUDGMENT OF DIVORCE-IRRECONCILABLE DIFFERENCES PURSUANT TO SECTION 93-5-2 OF THE MISSISSIPPI CODE ANNOTATED WITHOUT A WRITTEN WITHDRAWAL OR CANCELLATION OF CONTEST AS IS SPECIFICALLY REQUIRED BY SECTION 93-5-2 OF THE MISSISSIPPI CODE ANNOTATED.**

## LEGAL ANALYSIS

¶7. The primary issue in this case is whether the chancellor had the statutory authority to enter a divorce based on irreconcilable differences when no written settlement agreement had been signed and entered into the record by the parties. Only a transcription of an oral agreement by the parties was placed into the record as authorized by the lower court. Debra contends that this Court addressed this question directly in the case of *Kergosien v. Kergosien*, 471 So. 2d 1206 (Miss. 1985), wherein the Court clearly held that a chancery court must strictly abide by the requirements of the statute when granting a divorce:

> Divorce is a creature of statute; it is not a gift to be bestowed by the chancellor based upon a perception that declining to grant the divorce will not restore the couple to a harmonious marital relationship. It is a statutory act and the statutes must be strictly followed as they are in derogation of the common law. ...

*Id.* at 1210.

¶8. The statute governing an award of divorce on grounds of irreconcilable differences, § 93-5-2, states in relevant part:

> If the parties provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.

Miss. Code Ann. § 93-5-2(2) (1994). The parties may in the alternative personally consent in writing to a divorce on grounds of irreconcilable differences and submit to the court any unresolved issues of child custody and maintenance or distribution of marital property. Miss. Code Ann. § 93-5-2(3).

¶9. The parties must do more, however, than implicitly consent to a divorce on the ground of irreconcilable differences and raise issues in their pleadings. The additional statutory requirements for a valid mutual consent are: (1) The consent must be in writing and signed personally by both parties; (2) the consent must state that the parties voluntarily consent to permit the court to decide the issues upon which the parties are unable to agree; (3) the consent must specifically set forth the issues upon which the parties are unable to agree; and (4) the consent must state that the parties understand that the decision of the court shall be a binding and lawful judgment. *Cook v. Cook*, 725 So.2d 205, 206 (Miss.1998); *Massingill v. Massingill*, 594 So. 2d 1173, 1177 (Miss. 1992).

> No divorce shall be granted pursuant to this subsection until all matters involving custody and maintenance of any child of that marriage and property rights between the parties raised by the pleadings have been either adjudicated by the court or agreed upon by the parties and found to be adequate and sufficient by the court and included in the judgment of divorce.

Miss. Code Ann. § 93-5-2(3).

¶10. In the case sub judice, each party filed for divorce in separate courts in different counties. The case filed in Lamar County by Debra was subsequently transferred to Bolivar County. At trial the following took place:

By the Court: The Court calls Cause Number 96,0436 in the Chancery Court of the Second Judicial District of Bolivar County, John C. Cassibry, Plaintiff, versus Debra Lomax Cassibry, Defendant. I understand counsel and parties have been able to resolve all of the issues in this proceeding. Is that Correct?

By Mr. Hayden (Debra's attorney): Yes, your Honor.

By Ms. Johnson (John's attorney): Yes, your Honor.

By the Court: Would one of counsel state the resolution into the record?

¶11. The resolution was read into court by counsel for John Cassibry after which the following took place.

By the Court: Is that the agreement, Mr. Hayden?

By Mr. Hayden: Yes sir, it is your Honor. The only thing I need to add in there that was overlooked. It wasn't overlooked, on her insurance she will remain on his policy until she can convert under the COBRA Plan to her own policy.

By the Court: Is that acceptable?

By Ms. Johnson: But he will have no obligation to pay her monthly premium insurance. He will not interfere with her staying on COBRA.

By Mr. Hayden: Correct.

By the Court: Do both parties understand and agree to that statement of the agreement. Do you agree?

By Mr. Cassibry: Yes, sir.

By the Court: Ms. Cassibry, is that your understanding?

By Ms. Cassibry: Yes, sir.

By the Court: Do either of you have any questions about the agreement?

No questions were asked by anyone.

¶12. Although it appears that both parties were in agreement to the settlement agreement, no written, executed consent agreement was accomplished prior to or after the granting of a divorce on the grounds of irreconcilable differences. The chancellor should have recessed and required the parties to execute and file the written agreement prior to the additional proceedings.

¶13. This Court in *Cook v. Cook*, 725 So.2d 205 (Miss. 1998), found that nothing in § 93-5-2 or the case

law interpreting the statute indicates that an oral agreement by the parties is sufficient to satisfy its requirements. To the contrary, the plain language of the statute dictates that the consent agreement be written and signed by both parties. Miss. Code Ann. § 93-5-2(3) (1994). "These elements are required by statute. It must be emphasized that the language of the statute is framed in mandatory rather than permissive terms." *Cook v. Cook*, 725 So.2d 205, 207 (Miss. 1998)(quoting *Gardner v. Gardner*, 618 So.2d 108, 113 (Miss. 1993).

¶14. Giving a strict interpretation to Miss. Code Ann. § 93-5-2(2), the statute provides that the parties provide a written agreement and that the court finds that such provisions are adequate and sufficient. After the reading of the agreement into the record, the chancellor found that the agreement was reasonable and granted a divorce based on irreconcilable differences without a written consent agreement being executed and filed. Because the statutory requirements were not met in this case, the chancellor exceeded his statutory authority in awarding a divorce upon grounds of irreconcilable differences.

¶15. This case can be distinguished from the case of *Rounsaville v. Rounsaville*, 97-CA-01250-SCT, 1999 WL 22309 (Miss. Jan. 21, 1999). In *Rounsaville,* the parties had not entered into a property settlement agreement nor had the court adjudicated any issues on July 19, 1996 when the court declared the parties divorced. The parties entered into an Agreed Judgment of Divorce which provided for temporary custody and support signed by both parties. Thereafter, the parties entered into a Child Custody, Support and Property Settlement Agreement which the chancellor found to be adequate and sufficient and which was approved by the chancellor in the Final Judgment. The Final Judgment was again signed by both parties. Under a strict reading of the statute, the chancellor erred by granting a divorce, however, this Court held the error harmless. In this case, the parties failed to provide the required signed written agreement.

¶16. Also distinguishable is the case of *Johnston v. Johnston*, 722 So.2d 453 (Miss. 1998). In *Johnston*, the chancellor granted a divorce absolute to the parties and awarded child custody to the mother with a temporary award of child support and alimony. The chancellor took the issues of permanent child support, permanent alimony, and property rights under advisement. This Court found that, although it was technically improper for the chancellor to grant a divorce before adjudicating all issues, the appellant had shown no prejudice and equity did not warrant reversal.

### CONCLUSION

¶17. Without a written consent agreement in accordance with the statute and *Cook*, we find that the chancellor exceeded his statutory authority by granting a divorce based on irreconcilable differences. Therefore, we reverse the judgment of the Chancery Court of the Second Judicial District of Bolivar County, and we remand this case for further proceedings consistent with this opinion. Ms. Cassibry's conduct as an attorney and officer of the court, agreeing to and participating in these unusual events is of concern to this Court. However, there are other avenues and remedies available to the litigants and the chancellor to address that issue.

¶18. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶19. I dissent. While I agree with this Court's use of the bright line test of *Cook v. Cook*, 725 So. 2d 205, 206-07 (Miss. 1998), and *Massingill v. Massingill*, 594 So. 2d 1173, 1177 (Miss. 1992), this case meets such a standard. All pertinent parties were present standing before a judge while a court reporter took down the agreement and acknowledged it. The parties even accepted the record for appeal as correct with the court reporter's acknowledgment. Given such facts, the record evidences the same as a written document of agreement.

¶20. Further, while memorialization is required since the majority reasonably retains the bright line rule that settlement agreements must be signed, I would extend such a principle beyond the realm of divorce cases, such as that at bar, to the world of personal injury law. In this case, the lawyer and the client-also a lawyer-made statements recorded by the court reporter. Hence, this is a better case for enforcement of a settlement agreement than that of *Taylor v. Firestone Tire & Rubber Co.*, 519 So. 2d 436 (Miss. 1988), a personal injury case in which an oral offer was made outside of court and the client was forced to settle relative to what her lawyer stated. If we adhere to the bright line test in divorce cases, and we do, then we should have that same bright line test in other civil cases, such as personal injury cases. The client should sign a document or have a court reported situation such as that of the case at bar, before the client is bound to an agreement. In the present situation, all parties were before the court under oath as they revised and, subsequent thereto, acknowledged the agreement. A court reporter memorialized every word. This Court's bright line or strict compliance interpretation of Miss. Code Ann. § 93-5-2(2) (1994) under *Cook* and *Massingill* was met.

¶21. Relative to the above analysis, I dissent.