McRAE, Justice,
dissenting:
¶ 19. I dissent. While I agree with this Court’s use of the bright line test of Cook v. Cook, 725 So.2d 205, 206-07 (Miss.1998), and Massingill v. Massingill, 594 So.2d 1173, 1177 (Miss.1992), this case meets such a standard. All pertinent parties were present standing before a judge while a court reporter took down the agreement and acknowledged it. The parties even accepted the record for appeal as correct with the court reporter’s acknowledgment. Given such facts, the record evidences the same as a written document of agreement.
¶ 20. Further, while memorialization is required since the majority reasonably retains the bright line rule that settlement agreements must be signed, I would extend such a principle beyond the realm of divorce cases, such as that at bar, to the world of personal injury law. In this case, the lawyer and the client-also a lawyer-made statements recorded by the court reporter. Hence, this is a better case for enforcement of a settlement agreement than that of Taylor v. Firestone Tire & Rubber Co., 519 So.2d 436 (Miss.1988), a personal injury case in which an oral offer was made outside of court and the client was forced to settle relative to what her lawyer stated. If we adhere to the bright line test in divorce cases, and we do, then we should have that same bright line test in other civil cases, such as personal injury cases. The client should sign a document or have a court reported situation such as that of the case at bar, before the client is bound to an agreement. In the present situation, all parties were before the court under oath as they revised and, subsequent thereto, acknowledged the agreement. A court reporter memorialized every word. This Court’s bright line or strict compliance interpretation of Miss. Code Ann. § 93-5-2(2) (1994) under Cook and Massingill was met.
¶21. Relative to the above analysis, I dissent.